George RODRIGUEZ, Appellant,

v.

YSLETA INDEPENDENT SCHOOL DISTRICT, Self Insured, Appellee.

No. 08–00–00002–CV.

Court of Appeals of Texas, El Paso.

Feb. 15, 2001.

Monty B. Roberson, El Paso, for Appellant.

Gary B. Weiser, El Paso, for Appellee.

Before BARAJAS, C.J., LARSEN, and CHEW, JJ.

## OPINION

CHEW, Justice.

Appellant George Rodriguez ("Rodriguez") appeals from the trial court's refusal to award him his attorney's fees against Appellee Ysleta Independent School District ("YISD"). Rodriguez brings one issue: whether the injured worker's attorney is required to plead for attorney's fees in order to recover them in a Supplemental Income Benefits case under the new Worker's Compensation Act. We affirm the trial court's judgment.

The facts are undisputed. Rodriguez was injured on May 14, 1991, while employed by YISD. He sought supplemental income benefits from YISD for the seventeenth compensable quarter, and YISD denied his request. Rodriguez appealed to the Texas Worker's Compensation Commission ("Commission"), which *upheld* YISD's refusal to pay the supplemental benefits to him. Thereafter, Rodriguez filed a suit to force YISD to pay the supplemental benefits. The parties settled, and YISD agreed to pay the supplemental benefit in the amount of $2,190.72 to Rodriguez. The issue of Rodriguez's attorney's fees remained unsettled, and the trial court ruled that it could not award it to Rodriguez, since he had not pleaded for attorney's fees in his petition to the court.

Attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996). In civil cases, the statute in question must expressly provide for the attorney's fees. *See id.* Absent a mandatory statute or contract providing for attorney's fees, a party must specifically plead for it to invoke the trial court's jurisdiction to render judgment for attorney's fees. *See R. Conrad Moore & Assoc., Inc. v. Lerma*, 946 S.W.2d 90, 96 (Tex.App.—El Paso 1997, writ denied).

The Texas Workers' Compensation Act provides that the attorney's fee "shall be paid from the claimant's recovery." Tex.Lab.Code Ann. § 408.221(b)(Vernon 1996). There are only two exceptions in the Act. *See Mayfield*, 923 S.W.2d at 593. The first is Tex.Lab.Code Ann. § 408.147(c), which provides that where an insurance carrier unsuccessfully challenges a Commission order awarding supplemental income benefits, reasonable and necessary attorney's fees may be recovered in addition to the benefit. The second exception is in Tex.Lab.Code Ann. § 410.208, which allows a claimant to recover attorney's fees when suing to enforce a final order of the Commission, with which the carrier has failed to comply. Neither exception of the Act apply in this case. The Commission refused to grant the supplemental benefit payment to Rodriguez. Rodriguez was therefore not entitled to his attorney's fees under the statute.

It is undisputed that Rodriguez failed to plead for his attorney's fees. Because the attorney's fees were not pled in the petition, the trial court did not have jurisdiction over the matter, and there was no error in its refusing to award attorney's fees to Rodriguez. We find no error in the

trial court's judgment. The judgment of the trial court is affirmed.