Carolyn W. PARKER, Appellant,

v.

JPMORGAN CHASE BANK, Formerly Known as The Chase Manhattan Bank, Successor by Merger to Chase Bank of Texas, N.A., Appellee.

No. 01–02–00073–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 14, 2002.

Wendle Van Smith, Anderson & Smith, P.C., Houston, for Appellant.

Jennifer L. Davis, McGlinchey Stafford, P.L.L.C., Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

Appellant, Carolyn W. Parker, appeals the trial court's decision to grant a motion for summary judgment brought by appellee, JPMorgan Chase Bank f/k/a the Chase Manhattan Bank, successor by merger to Chase Bank of Texas, N.A. (Chase). Parker presents three points of error, arguing the trial court erred by granting the "Motion for Summary Judgment" because (1) Chase failed to timely plead its affirmative defense, (2) Chase failed to establish that Ms. Eva Lee Burrell (the decedent) did not sign her certificates of deposit as a matter of law, and (3) Chase had no standing to raise the issue of "lack of signature." We affirm.

### Facts

The decedent opened two Chase investment time deposit accounts (the accounts) on October 26, 1998. The accounts were each evidenced by a Personal C.D. Application and Non–Negotiable Acknowledgment of Receipt (account receipts). Both account receipts indicate the accounts were payable on death (P.O.D.) and both describe Parker as the primary beneficiary. Although one account receipt includes the hand-written comment "per client request" in the primary applicant signature block, neither account receipt is signed by the decedent.

Following Ms. Burrell's death, Parker attempted to collect the proceeds of the two accounts. Chase instructed Parker that, for Chase to release the funds, she was required to furnish a copy of the death certificate. Thereafter, but before Parker acquired the decedent's death certificate, Ruby Jean Cowart, the decedent's executrix, delivered letters testamentary to Chase; at that time, Cowart withdrew the proceeds and closed the accounts.

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

When Parker returned to Chase with the death certificate, she was informed that the accounts had been closed. A supervisor at Chase informed her that the decedent must have removed the P.O.D. designation. After Parker indicated the decedent had not removed the P.O.D. designation, the supervisor admitted he had mistakenly allowed the executrix to close the accounts.

Chase then filed an "Original Petition and Application for Temporary Restraining Order," seeking to recover the funds paid to the executrix. Chase, however, subsequently discovered that the decedent had not signed the required written agreement to establish a P.O.D. account. Accordingly, Chase moved to dissolve the temporary restraining order and voluntarily non-suited the action against the executrix.

## Discussion

■■■ A grant of summary judgment must be strictly construed. *Int'l Ins. v. Herman G. West, Inc.,* 649 S.W.2d 824, 825 (Tex.App.-Fort Worth 1983, no writ). Summary judgment is proper only when the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.,* 888 S.W.2d 31, 34 (Tex.App.-Houston [1st Dist.] 1994, writ denied). The purpose of summary judgment is the elimination of patently unmeritorious claims or untenable defenses; it is not intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact. *Levesque v. Wilkens,* 57 S.W.3d 499, 503 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (quoting *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952)). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Randall's Food Mkts.,* 891 S.W.2d at 644; *Lawson,* 888 S.W.2d at 33. We take all evidence favorable to the nonmovant as true. *Randall's Food Mkts.,* 891 S.W.2d at 644.

As movant, a defendant is entitled to summary judgment if the evidence, as a matter of law, disproves at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.-Houston [1st Dist.] 1993, writ denied). After the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff to present evidence creating a fact issue. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996).

### Affirmative Defense

■■■ In point of error one, Parker argues that the trial court erred by granting the motion for summary judgment because Chase asserted an affirmative defense in its motion for summary judgment rather than in its pleadings. Parker specifically states, "[Chase], in its summary judgment, is attempting to defend their factual and legal position by asserting that the affirmative defense, no valid signature, to their favor."

■■■ We note that a party is required to include an affirmative defense in a live pleading. Tex.R. Civ. P. 94. However, we conclude "no valid signature" is not one of the defenses expressly mentioned in the rule, nor is it an affirmative defense. Affirmative defenses are claims interposed to defeat a prima facie case established by a plaintiff. *Cook Composites, Inc. v. Westlake Styrene Corp.,* 15 S.W.3d 124, 137 (Tex.App.-Houston [14th Dist.] 2000, pet. dism'd). In effect, the evidence offered to prove such a defense does not rebut the factual propositions uttered by the plaintiff, but instead serves to establish an inde-

pendent reason for denying the plaintiff any recovery. *Id.* Parker's argument regarding no valid signature does not fit within this category. Therefore, we conclude Chase properly asserted its defense in its motion for summary judgment.

We overrule point of error one.

### P.O.D. Designation

■ In point of error two, Parker argues that the trial court erred in granting the motion for summary judgment because Chase failed to establish that the "defendant [Chase] did not sign the certificates of deposit as a matter of law." Parker concludes that, because "an action was taken by Ms. Eva Lee Burrell to establish a P.O.D. account, ... the Defendant established the accounts."

Chase argues that a P.O.D. account was never created because the decedent failed to sign the required P.O.D. agreement. We agree. In 1979, the Legislature added chapter XI entitled "Nontestamentary Transfers" to the Probate Code. *Stauffer v. Henderson,* 801 S.W.2d 858, 862–63 (Tex. 1990). Included in this chapter is section 439, which provides the exclusive means for creating a right of survivorship in joint accounts. *Id.* In addition to simple joint accounts, section 439 also applies to P.O.D. accounts. *Id.* at 863. Section 439(b) reads:

> If the account is a P.O.D. account and there is a *written agreement signed by the original payee or payees,* on the death of the original payee or on the death of the survivor of two or more original payees, any sums remaining on deposit belong to the P.O.D. payee or payees if surviving, or to the survivor of them if one or more P.O.D. payees die before the original payee.

TEX. PROB.CODE ANN. § 439(b) (Vernon Supp.2002) [1]

Chase presented summary judgment proof that decedent did not sign any agreement and, thus, did not fulfill the statutory requirements necessary to create a P.O.D. account. The summary judgment evidence, thus, disproves as a matter of law at least one element of Parker's cause of action. As a result, the burden shifted to Parker to present evidence creating a fact issue. *Walker,* 924 S.W.2d at 377.

To support her argument, Parker reasserts Chase's original claim that decedent created a P.O.D. account. Parker argues that, "Based upon the pleadings of the defendants, the plaintiff's could only assume that there was a valid 'P.O.D.' account." Further, Parker notes that "Upon establishing the account and subsequent death of Ms. Burrell [decedent], Defendants [Chase] made judicial assertions that the P.O.D. accounts were established and they were mistakenly closed."

The intent of the decedent must be determined from the agreement, and extrinsic evidence may not be offered to prove intent. *Chopin v. Interfirst Bank Dallas, N.A.,* 694 S.W.2d 79, 83–84 (Tex.App.-Dallas 1985, writ ref'd n.r.e). Therefore, in making our decision, we do not consider Parker's arguments that she could "only assume that there was a valid 'P.O.D.' account," and that Chase "made judicial assertions that the P.O.D. accounts were established and they were mistakenly closed." Parker's argument, thus, must be restricted to the information contained within the P.O.D. agreement itself.

■ Further, seven days after filing suit, Chase dismissed all proceedings initiated against decedent's executrix. A dis-

---

1. Prior to the 1993 amendment, a signed written agreement was not required to establish a P.O.D. account. *See* Act of May 28, 1993, 73d Leg., R.S., ch. 846, § 26, 1993 Tex. Gen. Laws 3337, 3348.

missal or nonsuit of the plaintiff's cause of action is not an adjudication of the rights of the parties and does not extend to the merits of the action; it merely puts them back in the position they were in before the lawsuit was brought. *Crofts v. Court of Civil Appeals,* 362 S.W.2d 101, 104 (Tex. 1962); *Milner v. City of Leander,* 64 S.W.3d 33, 37 (Tex.App.-Austin 2000, no pet.). After indulging every reasonable inference in favor of Parker, we hold that she has not met her burden to present evidence creating a fact issue about whether a P.O.D. account was created.

We overrule point of error two.

■ In point of error three, Parker contends that Chase had no standing to raise the issue of "lack of signature." Parker apparently argues that section 448 of the Probate Code prevents Chase from proving the decedent did not sign the necessary P.O.D. agreement. We find no support for Parker's argument. Section 448 reads in relevant part:

> Payment made as provided by Section 444, 445, 446, or 447 of this code discharges the financial institution from all claims for amounts so paid whether or not the payment is consistent with the beneficial ownership of the account as between parties, P.O.D. payees, or beneficiaries, or their successors. The protection here given does not extend to payments made after a financial institution has received written notice from any *party able to request present payment* to the effect that withdrawals in accordance with the terms of the account should not be permitted. . . .

TEX. PROB.CODE ANN. § 448 (Vernon Supp. 2002).

Parker incorrectly assumes that she was a "party able to request present payment." Parker's unilateral request for payment does not trigger the protection offered

through section 448. Having established that a P.O.D. account was never created, we conclude Chase correctly paid the executrix and closed out the decedent's accounts. Therefore, we hold Parker's dependence upon section 448 was misplaced and has no application to the facts specific to this case.

We overrule point of error three.

### Conclusion

We affirm the trial court's judgment.