Opinion issued February 15, 2007






 






In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00466-CV






JOHN D. HAGBERG, Appellant


V.


THE CITY OF PASADENA, Appellee






On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2004-07627






O P I N I O N

 John D. Hagberg appeals the trial court's order denying his attorney's fees
incurred in defending this suit, which was filed by the City of Pasadena and sought
to overturn a Texas Workers' Compensation Commission ("TWCC") determination
in Hagberg's favor. After the suit had been pending for almost one year, the City
moved for and was granted a nonsuit. The trial court also denied Hagberg's request
for attorney's fees by a separate order. In a single issue on appeal, Hagberg contends
that the trial court erred by not awarding attorney's fees because the Texas Workers'
Compensation Act ("the Act") makes an award of fees mandatory for a claimant who
prevails on an issue appealed by the insurance carrier. (1) See Tex. Lab. Code Ann.
§ 408.221(c) (Vernon 2006). We conclude that the trial court erred by denying
Hagberg's request for attorney's fees because Hagberg was the prevailing party under
section 408.221 of the Act. See id. Accordingly, we reverse and remand.

Background

 Hagberg was injured while working for the City. He received an impairment
rating of 20%, which entitled him to receive Supplemental Income Benefits (SIBS). 
The City disputed Hagberg's impairment rating before the TWCC. After a benefit
review conference, a hearing officer found Hagberg's impairment rating to be 20%. 
The City sought review by an appeals panel of the TWCC, which upheld the hearing
officer's decision.

 In February 2004, the City filed the underlying suit seeking to reverse the
TWCC's determination of Hagberg's impairment rating. Hagberg's answer to the
City's lawsuit asserted a general denial to the claims and requested attorney's fees. 
Less than one month before the February 2005 trial date, and after the case had been
on file for over 11 months, the City filed a "Motion for Non-Suit."

 Before the trial court ruled on the motion, Hagberg filed a "Motion for
Approval of Attorney's Fees." In its response, the City challenged the request for
attorney's fees by making two arguments, arguments which it also asserted in its
response to Hagberg's motion for new trial and in its response in this appeal. First,
the City claimed that there was no "prevailing party" because it nonsuited the lawsuit,
and therefore the Act's provision that provides for an award of attorney's fees for the
"prevailing party" was not met. Second, the City asserted that Hagberg's pleadings
requesting attorney's fees were insufficient to constitute a claim for affirmative relief
because he did not request attorney's fees by counterclaim or by naming any
particular statute. The trial court granted the City's nonsuit and denied Hagberg's
request for attorney's fees without stating the reason for its ruling. 

 Hagberg filed a motion for new trial that asserted that he was entitled to
attorney's fees because (1) he requested attorney's fees in his answer to the lawsuit
and (2) section 408.221 of the Act makes the award of attorney's fees mandatory for
him, as the prevailing party in the lawsuit. Citing a decision from the El Paso Court
of Appeals, Hagberg asserted that his pleadings were sufficient to request attorney's
fees because attorney's fees for the prevailing party are mandatory under the Act. See
Rodriguez v. Ysleta Indep. Sch. Dist., 68 S.W.3d 699, 700 (Tex. App.--El Paso 2001,
pet. denied) ("Absent a mandatory statute or contract providing for attorney's fees,
a party must specifically plead for it to invoke the trial court's jurisdiction to render
judgment for attorney's fees."). The trial court denied the motion for new trial filed
by Hagberg.

Waiver of Appeal

 The City asserts that Hagberg has waived his appellate challenge to the trial
court's order. The City contends that by limiting his issue on appeal to the sole
complaint that the trial court erred by not finding him the "prevailing party" in the
lawsuit, Hagberg has failed to challenge the second ground that the City asserted in
its motion to dismiss, concerning the sufficiency of Hagberg's pleadings requesting
attorney's fees. 

 We must construe the briefing requirements of the Texas Rules of Appellate
Procedure liberally. Tex. R. App. P. 38.9; see also Republic Underwriters Ins. Co.
v. Mex-Tex, Inc., 150 S.W.3d 423, 427 (Tex. 2004) (quoting Verburgt v. Dorner, 959
S.W.2d 615, 616-17 (Tex. 1997)). "The statement of an issue or point will be treated
as covering every subsidiary question that is fairly included." Tex. R. App. P. 38.1(e). 
Even though a specific point on appeal may not be recited within the statement of the
issue presented, that point is not waived if it is raised within the body of the brief. 
See Tex. Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 n.1 (Tex.
2004). "[I]t is our practice to construe liberally points of error in order to obtain a
just, fair, and equitable adjudication of the rights of the litigants." Sterner v.
Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). 

 Although we construe issues presented liberally, failure to raise an issue on
appeal waives error on the issue. Jacobs v. Satterwhite, 65 S.W.3d 653, 655-56 (Tex.
2001) (quoting San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex.
1990), for the "well-established rule that grounds of error not asserted by points of
error or argument in the court of appeals are waived"). Further, "[a]n issue raised for
the first time in a reply brief is ordinarily waived. " N.P. v. Methodist Hosp., 190
S.W.3d 217, 225 (Tex. App.--Houston [1st Dist.] 2006, pet. denied); see also
Anderson Producing Inc. v. Koch Oil Co., 929 S.W.2d 416, 424 (Tex. 1996) (holding
issue waived when authority to support argument cited for first time in reply brief). 
Moreover, when a judgment or order may have been based upon grounds not
challenged on appeal, a court of appeals must normally affirm. Britton v. Tex. Dep't
of Crim. Justice, 95 S.W.3d 676, 681 (Tex. App.--Houston [1st Dist.] 2002, no pet.) 
"Generally speaking, an appellant must attack all independent bases or grounds that
fully support a complained-of ruling or judgment." Id.

 Hagberg's original brief to this Court asserts, in a single issue, that the "trial
court erred in denying [Hagberg's] Motion for New Trial and Motion for
Reconsideration of Court Order Denying Attorney's Fees Pursuant to 408.221(c),
Tex. Lab. Code, because John D. Hagberg is the prevailing party for purposes of
assessing attorney's fees under Tex. Lab. Code.§ 408.221." Within his sole issue in
his original brief, Hagberg asserts that section 408.221 makes mandatory an award
of attorney's fees for the prevailing party. Hagberg's original brief states that

 in September, 2001,Tex. Lab. Code.§ 408.221 was amended by the
Texas Legislature to include the following section [that states that ] . . .
[a]n insurance carrier that seeks judicial review . . . of a final decision
of a commission appeals panel regarding compensability or eligibility
for or the amount of, income or death benefits is liable for reasonable
and necessary attorney's fees . . . if the claimant prevails on an issue on
which judicial review is sought by the insurance carrier . . . .


(Emphasis in brief). Hagberg's original brief asserts that it is undisputed that he met
two of the three conditions precedent for requiring the carrier to pay his attorney's
fees under the Act because the insurance carrier sought judicial review of a final
decision of a TWCC appeals panel and the only issue appealed was Hagberg's
impairment rating. His original brief further contends that having met two of the
three conditions precedent for an award of attorney's fees, the only remaining
unresolved question is whether he is the prevailing party. Hagberg's position on
appeal is that he met all of the conditions precedent for an award of attorney's fees
under the Act, which makes attorney's fees mandatory for the prevailing party. 
Hagberg thus implicitly argues in his original brief what he more expressly asserted
in his motion for new trial and in his reply brief--that no pleadings are necessary to
obtain an award of attorney's fees "when there is statutory authority providing for
attorney's fees." 

 Although we agree with the City that the better practice is for an appellant to
assert a separate issue for each of the grounds in the trial court's order, we cannot
agree that Hagberg has waived his right to appeal the trial court's order. Construing
the briefing requirements liberally to obtain a just, fair, and equitable adjudication of
the rights of the litigants here, we conclude that Hagberg's sole issue fairly included
the subsidiary issue that no pleadings were necessary for the conditions of the Act to
be satisfied. See Tex. R. App. P. 38.9, 38.1(e); Sterner, 767 S.W.2d at 690. Hagberg
clearly asserted to the trial court and within his arguments to this Court that he met
all of the conditions required by the statute. We hold that Hagberg has not waived
error by asserting his complaint to the trial court's order through one appellate issue. 
See Tex. Dep't of Transp., 146 S.W.3d at 642 n.1. 

Attorney's Fees Under Section 408.221

 Hagberg contends that the trial court erred by failing to award him attorney's
fees under section 408.221 of the Act because he was the prevailing party under the
TWCC's determination, and he remained the prevailing party by virtue of the City's
nonsuit of its appeal of the TWCC decision. 

A. Sufficiency of the Pleading for Attorney's Fees

 The City challenges Hagberg's pleading that requests attorney's fees by
asserting that in the pleading Hagberg failed to allege sufficient facts to support a
claim for attorney's fees, and that it should have been in the form of a counterclaim
that included reference to a statute that provides for attorney's fees. Hagberg
contends that no pleadings are necessary because the Labor Code makes an award for
attorney's fees mandatory for the prevailing party.

 In Texas, a pleading is sufficient if it gives fair and adequate notice to the
opposing party, sufficient for that party to prepare a defense. See Bowen v. Robinson, 
No. 01-05-00605-CV, 2006 WL 2192792, at *2 (Tex. App.--Houston [1st Dist.]
Aug. 3, 2006, pet. filed); Greene v. Young, 174 S.W.3d 291, 300 (Tex.
App.--Houston [1st Dist.] 2005, pet. denied). Here, the City's lawsuit for judicial
review is part of the comprehensive and exclusive statutory scheme established in the
Act. See Tex. Lab. Code Ann. § 408.001(a); Richards v. Tex. A & M Univ. Sys., 131
S.W.3d 550, 557 (Tex. App.--Waco 2004, pet. denied); Payne v. Galen Hosp. Corp.,
4 S.W.3d 312, 315 (Tex. App.--Houston [1st Dist.] 1999), aff'd, 28 S.W.3d 15 (Tex.
2000). 

 The City's lawsuit is the appeal of a decision by an appeals panel of the
TWCC, which is authorized by Chapter 410, Subchapter G of the Texas Labor Code. 
Tex. Lab. Code Ann. §§ 410.301-.308 (Vernon 2006). The Act provides that in a
suit for "judicial review under Subchapter G, Chapter 410, of a final decision of the
appeals panel regarding compensability . . . or the amount of, income . . . benefits,"
an insurance carrier "is liable for reasonable and necessary attorney's fees . . . as a
result of the insurance carrier's appeal if the claimant prevails on an issue on which
judicial review is sought by the insurance carrier . . . ." Id. § 408.221(c). Otherwise,
the claimant's attorney's fees are to be paid from the claimant's recovery. Id.
§ 408.221(b). In either circumstance, "[a]n attorney's fee . . . for representing a
claimant before the . . . court under this subtitle must be approved by the . . . court." 
Id. § 408.221(a). (2)

 Hagberg's pleading specifically requests the trial court to approve his
reasonable attorney's fees. Hagberg's request for attorney's fees contained in his
answer to the lawsuit filed by the City stated, 

 It was necessary for [Hagberg] to retain [counsel] to represent [him]
before the court. [Hagberg] asks the court to approve [his] reasonable
attorney's fees and to authorize [him] to pay his attorney the amount
shown to be reasonable.


This language follows section 408.221(a), requiring the trial court's approval. See
id. Because Hagberg requested approval of his fees as required by the Act, and the
City's suit is governed by the Act, we conclude that the City had fair notice that
Hagberg was seeking attorney's fees. See Dean Foods Co. v. Anderson, 178 S.W.3d
449, 453 (Tex. App.--Amarillo 2005, pet. denied) (concluding that even though
request for attorney's fees was only general in nature, it was reasonable to construe
that claimant was seeking attorney's fees incurred in defending against carrier's suit
for judicial review). We hold that Hagberg's request for attorney's fees in his answer
to the City's lawsuit seeking to reverse the TWCC's impairment rating was sufficient
to place the City on notice that he was seeking attorney's fees under the Labor Code.

 The City further contends that upon filing of the nonsuit, the litigation ended,
and thus the trial court could not award attorney's fees. Specifically, the City
contends that Hagberg's answer did not constitute a claim for affirmative relief, and
therefore Hagberg's motion for attorney's fees--filed after the City's motion for
nonsuit--came too late to allow the trial court to act on it. 

 A nonsuit does not affect a pending claim for affirmative relief or motion for
attorney's fees. Tex. R. Civ. P. 162; Lentino v. Frost Nat'l Bank, 159 S.W.3d 651, 
654 (Tex. App.--Houston [14th Dist.] 2003, no pet.) (citing BHP Petroleum Co. v.
Millard, 800 S.W.2d 838, 840, 842 (Tex.1990)). Having determined that the
pleadings in Hagberg's answer were sufficient to place the City on notice that he was
requesting attorney's fees under the Act, we further hold that the pleadings were a
request for affirmative relief that remained pending, despite the motion for nonsuit
that was filed by the City. See Anderson, 178 S.W.3d at 453 (holding pleading
requesting attorney's fees constituted claim for affirmative relief that remained
pending after opposing party's nonsuit).

B. "Prevailing Party"

 The City asserts that there is no prevailing party when there is a nonsuit of a
lawsuit, as here. Hagberg responds that the procedural posture of this lawsuit is
different from an ordinary lawsuit because the City filed the lawsuit to challenge an
award in his favor by the TWCC appeals panel, which became final and enforceable
after the nonsuit, thus making him the prevailing party. 

 The Act does not define "prevailing party." See Tex. Lab. Code Ann.
§§ 401.001-506.002 (Vernon 2006). Statutory construction is a question of law,
which we review de novo. See Dodge v. Durdin, 187 S.W.3d 523, 527 (Tex.
App.--Houston [1st Dist.] 2005, no pet.) (citing Harris County v. Williams, 981
S.W.2d 936, 938 (Tex. App.--Houston [1st Dist.] 1998, pet. denied)). The goal in
construing a statute is to give effect to the legislature's intent. Osterberg v. Peca, 12
S.W.3d 31, 38 (Tex. 2000). We must interpret a statute as written and attempt to
ascertain the legislature's intent from the plain language of the statute. Id. We
consider each section and word in connection with the entire statute to ascertain its
meaning and promote the statute's purpose. See Dodge, 187 S.W.3d at 527; see also
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). In examining the 
Act, we should construe it liberally in favor of injured workers. Pac. Employers Ins.
Co. v. Torres, 174 S.W.3d 344, 346 (Tex. App.--El Paso 2005, no pet.) (citing
Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex. 2000)).

 When a party nonsuits a legal action, the parties are put back in the same 
positions as before the filing of the suit. Parker v. JPMorgan Chase Bank, 95 S.W.3d
428, 432 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (citing Crofts v. Court of
Civil Appeals, 362 S.W.2d 101, 104 (Tex. 1962); Milner v. City of Leander, 64
S.W.3d 33, 37 (Tex. App.--Austin 2000, no pet.)). The nonsuit by the City places
the parties back in the same positions as before the filing of the suit, which means that
Hagberg has a final decision in his favor by the TWCC appeals panel. The nonsuit
here differs from the ordinary nonsuit of a case, because the effect of this nonsuit is
to make final a decision by the appeals panel of TWCC, which is "binding upon [the
carrier] during the pendency of the appeal." Anderson, 178 S.W.3d at 454; see also
Torres, 174 S.W.3d at 347. "[E]ven though the trial court, because of [the] nonsuit,
did not render a judgment on the merits of the case, the effect of [the] nonsuit was to
make TWCC's award final and enforceable." Anderson, 178 S.W.3d at 454; see also
Torres, 174 S.W.3d at 347. Hagberg is in the same position by the nonsuit of the case
as he would have been if he had prevailed on the merits. Torres, 174 S.W.3d at 345;
Anderson, 178 S.W.3d at 451-52. (3) We therefore agree with the three courts of
appeals that have recently held that when an insurance carrier files a lawsuit
appealing the decision of a TWCC appeals panel and subsequently nonsuits the
lawsuit, the worker is the prevailing party who is entitled to attorney's fees under
section 408.221 of the Labor Code. Am. Home Assurance Co. v. McDonald, 181
S.W.3d 767, 767-68 (Tex. App.--Waco 2005, pet. denied) McDonald, 181 S.W.3d
at 767; Anderson, 178 S.W.3d at 454-55; Torres, 174 S.W.3d at 346-47. (4) 

 The City relies on the decision in Cigna Insurance Company of Texas v.
Middleton, 63 S.W.3d 901 (Tex. App.--Eastland 2001, pet. denied). In Middleton,
the court held that the worker was not the prevailing party. Id. at 903. The
procedural posture of Middleton, however, is unlike the procedural posture here. See
id. at 902-03. Although Middleton involves a similar statute under the Act, section
408.147, and the lawsuit similarly concerns a lawsuit filed by an insurance carrier of
an appeals panel decision in favor of the worker, the procedural posture of the case
differs from Hagberg's position. See id.; see also Tex. Lab. Code Ann. § 408.147(c)
(Vernon 2006). In Middleton, the parties agreed to a settlement and both parties
nonsuited their claims. Middleton, 63 S.W.3d at 902-03. Here, however, there is no
settlement and the only nonsuit is by the City. The effect of the City's nonsuit was
to make final the decision in favor of Hagberg. Middleton, therefore, is procedurally
distinguishable. See id.

 We hold that when an insurance carrier files a lawsuit appealing the decision
in favor of the worker by the TWCC appeals panel under section 408.221 of the
Labor Code, and subsequently dismisses the lawsuit, the employee is the prevailing
party entitled to attorney's fees. See McDonald, 181 S.W.3d at 768; Anderson, 178
S.W.3d at 455; Torres, 174 S.W.3d at 346-47. 

 We sustain Hagberg's sole issue in this appeal.

Conclusion

 We reverse the trial court's order denying Hagberg's attorney's fees and
remand this cause to the trial court for a determination of reasonable and necessary
attorney's fees. (5) All motions pending before this Court in this cause are denied.

 

 Elsa Alcala

 Justice

Panel consists of Justices Taft, Alcala, and Hanks.
1. The definition of "insurance carrier" under the Texas Workers' Compensation Act
includes "a governmental entity that self-insures
," such as the City. Tex. Lab. Code
Ann. § 401.011(27)(D) (Vernon 2006).
2. The Labor Code, in pertinent part, states, 

 

 § 408.221. Attorney's Fees Paid to Claimant's Counsel


 (a) An attorney's fee, including a contingency fee, for representing a
claimant before the division or court under this subtitle must be
approved by the commissioner or court.


 (b) Except as otherwise provided, an attorney's fee under this section is
based on the attorney's time and expenses according to written
evidence presented to the division or court. Except as provided by
Subsection (c) or Section 408.147(c), the attorney's fee shall be paid
from the claimant's recovery.


 (c) An insurance carrier that seeks judicial review under Subchapter G,
Chapter 410, of a final decision of the appeals panel regarding
compensability or eligibility for, or the amount of, income or death
benefits is liable for reasonable and necessary attorney's fees as
provided by Subsection (d) incurred by the claimant as a result of the
insurance carrier's appeal if the claimant prevails on an issue on which
judicial review is sought by the insurance carrier . . . .


 (d) In approving an attorney's fee under this section, the commissioner or
court shall consider: [factors to consider listed].


 Tex. Lab. Code Ann. § 408.221(a)-(d) (Vernon 2006).
3. The facts in American Home Assurance Co. v. McDonald, 181 S.W.3d 767 (Tex.
App.--Waco 2005, pet. denied), Dean Foods Co. v. Anderson, 178 S.W.3d 449, 453
(Tex. App.--Amarillo 2005, pet. denied), and Pac. Employers Ins. Co. v. Torres, 174
S.W.3d 344, 345 (Tex. App.--El Paso 2005, no pet.) are similar to the facts here. In
each case, the insurance carrier filed suit against the worker to appeal the TWCC's
appeals panel decision that was in favor of the worker. See McDonald, 181 S.W.3d
at 767; Anderson, 178 S.W.3d at 452; Torres, 174 S.W.3d at 345. Also similar to the
facts here, each of the workers answered the lawsuit and requested attorney's fees
under section 408.221 of the Texas Labor Code. See McDonald, 181 S.W.3d at
767-68; Anderson, 178 S.W.3d at 452; Torres, 174 S.W.3d at 345. The method for
requesting attorney's fees differed, however, because Torres and Anderson requested
attorney's fees in their answers to the lawsuit, as here, but McDonald counterclaimed
for attorney's fees. See McDonald, 181 S.W.3d at 767; Anderson, 178 S.W.3d at 452;
Torres, 174 S.W.3d at 345. But in every case, as here, after the lawsuit was pending
for many months, the insurance carrier filed a nonsuit. See McDonald, 181 S.W.3d
at 768; Anderson, 178 S.W.3d at 452; Torres, 174 S.W.3d at 345. Unlike the decision
here, the trial courts awarded attorney's fees to Torres, McDonald, and Anderson,
respectively. See McDonald, 181 S.W.3d at 768; Anderson, 178 S.W.3d at 452;
Torres, 174 S.W.3d at 345. However, in Anderson, the trial court rendered judgment
for Anderson for her attorney's fees, but found that Anderson was not the prevailing
party and thus, the fees should be paid out of Anderson's recovery. Anderson, 178
S.W.3d at 452.
4. The trial court did not have the benefit of these decisions when it entered its order.
5. The trial court "must" approve attorney's fees and "shall" consider certain factors in
making the determination of reasonable and necessary attorney's fees. Tex. Lab.
Code Ann. § 408.221(a), (d). Here, because the trial court denied Hagberg's
attorney's fees, it has done neither. See Air Routing Int'l Corp. (Canada) v. Brittania
Airways, Ltd., 150 S.W.3d 682, 700 (Tex. App.--Houston [14th Dist.] 2004, no pet.)
(remanding for determination of reasonable and necessary attorney's fees when trial
court erroneously denied fees because trial court had not yet made determination of
reasonable and necessary fees).