Opinion issued July 26, 2007






 







In The

Court of Appeals

For The

First District of Texas






NO. 01-04-00538-CV






HOUSTON INDEPENDENT SCHOOL DISTRICT, CITY OF HOUSTON,
HARRIS COUNTY, HARRIS COUNTY EDUCATION DEPARTMENT,
PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, HARRIS
COUNTY FLOOD CONTROL DISTRICT, HARRIS COUNTY HOSPITAL
DISTRICT, AND HOUSTON COMMUNITY COLLEGE SYSTEM,
Appellants


V.


OLD FARMS OWNERS ASSOCIATION, INC., WESTHEIMER OLD
FARMS I, LTD., SUSAN C. LEE, TRUSTEE OF THE TRUST CREATED
UNDER ARTICLE IV OF THE WILL OF KATHERINE P. BARNHART,
DECEASED, AND DAVID NGUYEN INDIVIDUALLY AND D/B/A DAVID
NGUYEN CONSTRUCTION, Appellees






On Appeal from the 270th District Court

Harris County, Texas

Trial Court Cause No. 2002-15418






O P I N I O N


 In this ad valorem tax case, the appellant taxing authorities, which include
Harris County and other taxing units, (1) challenge the trial court's decision that the
taxing units are not entitled to penalties and interest for delinquent taxes owed for tax
year 1997 on 4.3 acres of real property. In this regard, the taxing units raise two
issues on appeal. 

 We reverse and remand.

Background


 On January 1, 1997, the Trust Created under Article IV of the Will of Katherine
P. Barnhart, Deceased ("the Article IV Trust" or "the trust") owned approximately 4.3
acres of property ("the property") in Houston. At the time, Ronald E. Lee was the
trustee. Mr. Lee officed at 1706 Post Oak Boulevard in Houston and had been at that
location since 1993. From 1993 until 1996, Mr. Lee received tax statements for the
property at that address, and the Article IV Trust paid the taxes on the property for
those years. 

 On July 18, 1997, the trust sold 4.2562 acres of the property to Westheimer Old
Farm Ltd. The trust retained ownership of the remaining .0609 acres of the property. (2) 
Related to the sale and division of the property, the records of the Harris County
Appraisal District ("HCAD") contain a "Request for Records Maintenance" form
dated September 2, 1997. On the form, HCAD listed Mr. Lee's address as 4550 Post
Oak Place, Suite 123, in Houston. Mr. Lee had not officed at that address since
approximately 1986, and it was an incorrect address for Mr. Lee in 1997. HCAD
provided that address to the Harris County tax collector's office for use in mailing out
tax notices on the property. As a result, the 1997 tax bill for the property was mailed
by the Harris County tax collector to Mr. Lee at the incorrect 4550 Post Oak Place
address. Mr. Lee did not receive the 1997 tax bill, and it was returned to the Harris
County tax office as "undeliverable." The trust did not pay the 1997 taxes on the
property.

 The address error was corrected in HCAD's records in 1999. At that time,
HCAD provided the correct address to the Harris County tax collector's office to use
in sending out tax notices. Also in 1999, the taxing units filed suit against Mr. Lee,
as trustee, to recover the delinquent 1997 taxes for the property. (3) The taxing units
later nonsuited that action in 2000. 

 In 2002, the taxing units again filed suit to recover the 1997 taxes. The suit
named the following as defendants: Old Farms Owners Association, Inc., Westheimer
Old Farms I, Ltd., Susan C. Lee, Trustee of the Trust Created under Article IV of the
Will of Katherine P. Barnhart, Deceased, and David Nguyen, Individually and d/b/a
David Nguyen Construction. (4) 

 The case was initially heard by a tax master. At the hearing before the tax
master, the Article IV Trust argued that the penalties and interest associated with the
1997 taxes were canceled based on the 1985 amendment to Tax Code section 33.04. (5) 
Subsection (b) of that act required taxing units in each year divisible by five to deliver
by mail a written notice of delinquency to each person who owes a tax that has been
delinquent more than one year. (6) The Article IV Trust asserted that, under this
provision, the taxing units were required to send the trust a delinquency notice in
2000. Mr. Lee testified that he had never received a delinquency notice. The Article
IV Trust further pointed out that subsection (c) of that act mandated cancellation of
penalties and interest if the taxing units did not deliver the subsection (b) delinquency
notice. (7) The Article IV Trust contended that, because the taxing units had not
delivered a delinquency notice to its trustee in 2000, the taxing units were not entitled
to penalties and interest for the 1997 taxes. 

 In contrast, the taxing units contended that the 2001 amendment of section
33.04 applied, not the 1985 amendment. The effective date of the 2001 act was
September 1, 2001. (8) Under the 2001 act, a taxing unit's failure to deliver a
delinquency notice does not result in cancellation of penalties and interest. (9) 

 Citing a savings clause in the 2001 act, the Article IV Trust argued that the
1985 version of section 33.04 applies in this case. The savings clause provides, in
part, "A delinquent tax that is the subject of a collection suit filed before the effective
date [of September 1, 2001] of this Act is governed by Section 33.04, Tax Code, as
that section existed immediately before the effective date of this Act, and the former
law is continued in effect for that purpose." (10) The trust asserted that, pursuant to the
savings provision, the 1985 version of section 33.04 applied because a suit to collect
the 1997 taxes had been filed by the taxing units before the 2001 act's effective date
of September 1, 2001. Specifically, the trust pointed out that the taxing units had
filed suit in 1999 against its trustee to collect the 1997 taxes. The taxing units
responded that it had nonsuited the 1999 suit before the effective date of the 2001 act. 
Thus, the taxing units argued, the 1999 suit could not serve to continue the
effectiveness of section 33.04 as it existed before the effective date of the 2001 act.

 The Article IV Trust also asserted that penalties and interest may be awarded
only on a "delinquent" tax. The trust points out that a tax becomes delinquent only
when a tax bill has been delivered to the taxpayer. The trust asserted that it had not
received a bill for the 1997 tax year. The trust offered evidence that the 1997 tax bill
had been sent to the incorrect 4550 Post Oak Place address and that the tax bill had
been returned to the Harris County tax collector's office as "undeliverable." Mr. Lee
testified that he never received a tax bill for the 1997 tax year.

 By offering into evidence certified tax records showing the amount of base
taxes, penalties, and interest for the property, the taxing units asserted that, pursuant
to Tax Code section 33.47, they established a prima facie case regarding every
material fact necessary to prove their cause of action. (11) This included a rebuttable
presumption that the taxing units had properly sent the 1997 tax bill to the trust. The
taxing units contended that the trust had not rebutted this presumption. The taxing
units pointed out that the evidence showed that the 1997 tax bill was mailed to the
most recent address provided to the Harris County tax collector's office by HCAD. 
The taxing units asserted that, by mailing the tax bill to the most recent address
provided by HCAD, they had done all that was legally required. 

 At the conclusion of the hearing, the tax master recommended that the taxing
units recover the 1997 base taxes, but not recover penalties and interest on those
taxes. The tax master's report contains findings in support of his recommendation
regarding the penalties and interest. The tax master found that the trustee never
received notice of the taxes. The tax master also found that penalties and interest on
the 1997 taxes were waived because the Article IV Trust, through its trustee, had not
received a delinquency notice as required by the 1985 version of Tax Code section
33.04 and as discussed in Aldine Independent School Dist. v. Ogg, 122 S.W.3d 257
(Tex. App.--Houston [1st Dist.] 2003, no pet.). 

 The taxing units appealed the tax master's recommendation to the referring
district court. The parties agreed that base taxes were owed on the property for the
1997 tax year. The issue that was tried to the trial court was whether the taxing units
were entitled to recover penalties and interest for the 1997 taxes. The parties
supported their respective positions with the same arguments that each had made to
the tax master.

 The evidence admitted at the tax master hearing was admitted in the trial court. 
In addition, the taxing units admitted a copy of a delinquent tax notice that had been
sent to Mr. Lee at his correct address in 2000. The notice stated the amount of 1997
base taxes, penalties, and interest owed on the property. Mr. Lee testified that he had
never received a copy of any delinquency notices, despite the fact that the record
shows Harris County had his correct address.

 Following a de novo bench trial, the district court signed a judgment
"overruling" the taxing units appeal and adopted the tax master's findings as
indicated in the master's report. The trial court awarded the taxing units judgment
against the Article IV Trust, as owner of the 4.3 acres on January 1, 1997, "for the full
amount of the taxes owed for the 1997 tax year in the amount of $51, 208.75." The
district court also ordered that the Article IV Trust was entitled to reimbursement
from Westheimer Old Farms I for a pro rata share of the 1997 taxes. (12) Consistent
with the tax master's findings and recommendation, the district court's judgment did
not award the taxing units penalties and interest relating to the 1997 taxes. Other than
adopting the findings of the tax master, the district court did not file separate findings
of fact and conclusions of law, and none were requested by the parties. 

 Raising two issues, the taxing units challenge the district court's judgment to
the extent that it does not award the taxing units penalties and interest for the 1997
taxes.

Tax Code Section 33.04


 In their first issue, the taxing units challenge the trial court's determination that
the 1985 version of Tax Code section 33.04 applied to the instant litigation rather
than the 2001 version of that statute. Determining which version of section 33.04
applies in this case is a question of law; accordingly, our review is de novo. See State
v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006). 

 The taxing units contend, as they did in the trial court, that the amendatory
language of the 2001 act applies in this case. We agree. 

 The savings provision accompanying the 2001 amendatory language provides
as follows:

 Section 33.04, Tax Code, as amended by this Act, does not apply to
taxes subject to a delinquent tax suit pending before the effective date
of this Act [i.e., September 1, 2001]. Section 33.04, Tax Code, as
amended by this Act, applies to all other taxes that became delinquent
before the effective date of this Act or that become delinquent on or
after that date. Penalties and interest on a delinquent tax are not
canceled under Section 33.04, Tax Code, for failure to deliver any notice
under that section as it existed immediately before the effective date of
this Act. A delinquent tax that is the subject of a collection suit filed
before the effective date of this Act is governed by Section 33.04, Tax
Code, as that section existed immediately before the effective date of
this Act, and the former law is continued in effect for that purpose.

Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109,
5122.

 The instant litigation was filed in 2002; thus, under the savings provision, the
2001 amendatory language governs in this case. We disagree with the position taken
by the Article IV Trust that, because the taxing units had filed suit in 1999 against the
trust, the earlier version of section 33.04 applies, regardless of the fact that the action
was nonsuited in 2000. When a party nonsuits an action, the parties are placed back
in the same positions as before the filing of the suit. Hagberg v. City of Pasadena,
No. 01-05-00466-CV, 2007 WL 494201, *5 (Tex. App.--Houston [1st Dist.] Feb. 15,
2007, no pet.); see Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 104 (Tex.
1962); Parker v. JPMorgan Chase Bank, 95 S.W.3d 428, 432 (Tex. App.--Houston
[1st Dist.] 2002, no pet.); Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.
App.--Houston [1st Dist.] 1989, orig. proceeding). In other words, we treat the 1999
suit as if it had never been filed. See Bailey v. Gardner, 154 S.W.3d 917, 920 (Tex.
App.--Dallas 2005, no pet.). For this reason, we conclude that the 2001 amendatory
language governs in this case. (13) The trial court incorrectly determined that the 1985
amendment of 33.04 applied. (14) Pursuant to the 2001 act, any failure by the taxing
units to properly deliver the delinquency notice in 2000 does not mandate
cancellation of penalties and interest for the 1997 taxes. See Act of May 17, 2001,
77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109, 5122 ("Penalties and
interest on a delinquent tax are not canceled under Section 33.04, Tax Code, for
failure to deliver any notice under that section as it existed immediately before the
effective date [of September 1, 2001] of this Act.").

 We sustain the taxing units' first issue.

1997 Tax Bill


 In the tax master proceeding and in the trial court, the Article IV Trust asserted
that the 1997 tax never became delinquent because the 1997 tax bill was neither sent
to nor received at Mr. Lee's current address. Thus, the taxing units were not entitled
to penalties and interest. In their second issue, the taxing units contend that the
Article IV Trust did not present legally or factually sufficient evidence to rebut the
presumption that the taxing units met their statutory burden with regard to delivery
of the 1997 tax bill. 

 Tax bills must be mailed by October 1 of the year for which taxes are assessed,
or as soon thereafter as practicable. Tex. Tax Code Ann. § 31.01(a) (Vernon Supp.
2006). Taxes are due on receipt of the tax bill and are delinquent if not paid by
February 1 of the year following the year imposed. Tex. Tax Code Ann. § 31.02(a)
(Vernon Supp. 2006). In Ogg, we explained that, if a taxing unit has an address for
a taxpayer on its tax roll, but nonetheless fails to meet the statutory requirements with
regard to the sending of the tax bill to the taxpayer, the tax never becomes
"delinquent," and penalties and interest cannot be collected. See 122 S.W.3d at
270-71. As discussed in Ogg, a taxing unit is required only to mail the tax bills to
the address found in its most recent records. Id. at 271 (citing Tex. Tax Code Ann.
§ 1.07(b)). 

 Tax Code subsection 33.47(a) addresses evidentiary concerns in delinquent tax
cases and provides as follows:

 (a) In a suit to collect a delinquent tax, the taxing unit's current tax roll
and delinquent tax roll or certified copies of the entries showing the
property and the amount of the tax and penalties imposed and interest
accrued constitute prima facie evidence that each person charged with
a duty relating to the imposition of the tax has complied with all
requirements of law and that the amount of tax alleged to be delinquent 

 against the property and the amount of penalties and interest due on that
tax as listed are the correct amounts.

Tex. Tax Code Ann. § 33.47(a) (Vernon 2001). Once the taxing unit introduces
these records, it establishes a prima facie case as to every material fact necessary to
establish its cause of action. Davis v. City of Austin, 632 S.W.2d 331, 333 (Tex.
1982); Ogg, 122 S.W.3d at 264. When the taxing unit establishes a prima facie case
in a tax delinquency suit, a rebuttable presumption arises that the taxing entity has
taken all actions necessary to obtain legal authority to levy the tax, including proper
delivery of all required tax notices. Ogg, 122 S.W.3d at 264.

 Here, the taxing units introduced certified copies of tax statements from the
Harris County tax collector's office showing the delinquent taxes, penalties, and
interest owing for the property. Accordingly, the taxing units were entitled to a
presumption that they satisfied the statutory requirements entitling them to collect the
penalties and interest for the 1997 tax. See Tex. Tax Code Ann. § 33.47(a); Ogg,
122 S.W.3d at 264. This would include the presumption that the 1997 tax bill was
sent to the Article IV Trust as statutorily required. See Ogg, 122 S.W.3d at 264.

 After the taxing units made their prima facie case by introducing the official
tax records, the burden then shifted to the Article IV Trust to show, by introducing
competent evidence, that the taxing units had not satisfied the statutory requirements. 
See id. The presumption created by section 33.47 disappears if and when the
taxpayer meets its burden of producing competent evidence to justify a finding
against the presumed fact. Id. In other words, once the 33.47 presumption is
established, the trust had the burden "to go forward with [its] defensive evidence"
regarding whether the taxing units properly transmitted the tax bill. See id. We
determine whether the trust offered legally and factually sufficient evidence to rebut
this presumption.

 In an appeal from a bench trial, findings of fact have the same weight as a
jury's verdict on special issues. Lee v. Lee, 981 S.W.2d 903, 905 (Tex.
App.--Houston [1st Dist.] 1998, pet. denied). We review the legal and factual
sufficiency of the evidence supporting a trial court's findings of fact by the same
standards that we apply to reviewing the legal or factual sufficiency of the evidence
supporting jury findings. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). 
Thus, if the complaining party challenges the legal sufficiency of the evidence
underlying an adverse finding on which the party did not have the burden of proof,
then the party must demonstrate on appeal that there is no evidence to support the
finding. Gennedy, 125 S.W.3d at 691. In such a review, we consider all the evidence
in the light most favorable to the prevailing party, indulging every reasonable
inference in that party's favor, and disregard all evidence and inferences to the
contrary. Id. at 692. We do not disregard contrary evidence if there is no favorable
evidence, or if contrary evidence renders supporting evidence incompetent or
conclusively establishes the opposite. City of Keller v. Wilson, 168 S.W.3d 802,
810-11 (Tex. 2005). If more than a scintilla of evidence supports the finding, the
no-evidence challenge fails. Gennedy, 125 S.W.3d at 692.

 In our review of factual sufficiency of the evidence, we must consider and
weigh all of the evidence. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).
We will set aside a verdict only if the evidence is so weak or if the finding is so
against the great weight and preponderance of the evidence that it is clearly wrong
and unjust. Id.

 Here, the evidence relied on by the trust showed that the taxing units did not
mail the 1997 tax bill to Mr. Lee at his current address. The evidence also showed
that Mr. Lee did not receive a copy of the 1997 tax bill and that the bill was returned
to the tax collector as "undeliverable." Although this may suggest that the taxing
units did not mail the tax bills to Mr. Lee's most current address, such evidence does
not show that the taxing units did not mail the tax bills to the most recent address for
Mr. Lee that the Harris County tax collector had listed in its records, as statutorily
required. See Tex. Tax Code Ann. § 1.07(b) (Vernon Supp. 2006); Ogg, 122 S.W.3d
at 271. To the contrary, the evidence shows that the taxing units mailed the tax bill
to the most recent address contained in the Harris County tax rolls, which address had
been provided by HCAD to the tax collector's office. We conclude that legally
insufficient evidence was presented to rebut the presumption that the taxing units
properly sent the 1997 tax bill. Accordingly, no evidence supports a conclusion that
the taxing units should be denied penalties and interest because the 1997 tax was
never "delinquent." (15)

 We sustain the taxing units second issue. (16) 

 Conclusion


 We conclude that the two bases argued by the Article IV Trust and relied on
by the trial court to deny the taxing units' claim for penalties and interest are
unfounded. We hold that the trial court erred by denying the taxing units' request for
penalties and interest on the 1997 taxes. Accordingly, we reverse the portion of the
trial court's judgment denying the taxing units' request for penalties and interest and
remand the case for the limited purpose of determining the amount of interest and
penalties to be awarded the taxing units. See Tex. R. App. P. 43.3.





 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Keyes and Higley.


Justice Keyes, dissenting.
1. The other taxing units are Houston Independent School District, the City of
Houston, Harris County Education Department, Port of Houston Authority of Harris
County, Harris County Flood Control District, Harris County Hospital District, and
Houston Community College System. It appears that the Harris County Tax
Collector-Assessor collects taxes for the taxing units in this case.
2. In 2001, the trust conveyed the .0609 acres to Old Farms Owners Association, Inc.
3. Although the majority of the property had been sold to Westheimer Old Farm Ltd. 
in July 1997, the trust was the record property owner for the entire 4.3 acres on
January 1, 1997.
4. At the time, Mr. Lee was no longer the trustee of the Article IV trust. The new trustee
was Susan C. Lee. It appears that David Nguyen, individually and d/b/a David
Nguyen Construction was named as a defendant because he had a lien on the
property. Although identified as appellees, Westheimer Old Farms I, Ltd. and David
Nguyen individually and d/b/a David Nguyen Construction have not filed briefs in
this appeal. Appellees Old Farms Owners Association, Inc. and Susan C. Lee,
Trustee of the Trust Created under Articles IV of the Will of Katherine P. Barnhart,
Deceased have filed a joint responsive brief to appellants' brief. 
5. See Act of May 26, 1985, 69th Leg., R.S., ch. 761, § 1, sec. 33.04, 1985 Tex. Gen.
Laws 2600, 2601.
6. See Act of May 26, 1985, 69th Leg., R.S., ch. 761, § 1, sec. 33.04(b), 1985 Tex. Gen.
Laws 2600, 2601.
7. See Act of May 26, 1985, 69th Leg., R.S., ch. 761, § 1, sec. 33.04(c), 1985 Tex. Gen.
Laws 2600, 2601.
8. Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109,
5122-23.
9. See Tex. Tax. Code Ann. § 33.04 (Vernon 2001); see also Act of May 17, 2001, 77th
Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109, 5122 ("Penalties and interest
on a delinquent tax are not canceled under Section 33.04, Tax Code, for failure to
deliver any notice under that section as it existed immediately before the effective
date [of September 1, 2001] of this Act.").
10. Act of May 17, 2001, 77th Leg., R.S., ch. 1430, § 40, 2001 Tex. Gen. Laws 5109,
5122.
11. Tex. Tax Code Ann. § 33.47(a) (Vernon 2001). 
12. The 1997 purchase agreement between Westheimer Old Farms I and the trust
provided that the 1997 taxes be pro rated. 
13. Although not raised by the parties, the question arises whether the 1999 amendment
to 33.04 governs. Pursuant to former 33.04(b), the five-year delinquency notice here
was required to be given in 2000, i.e., the first year after 1997 divisible by five. The
1999 amendment became effective January 1, 2000, Act of May 30, 1999, 76th Leg.,
R.S., ch. 1481, § 43(c), 1999 Tex. Gen. Laws 5097, 5114, and applied to 33.04(b)
notices given in and after 2000. Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 45,
1999 Tex. Gen. Laws 5097, 5114. The 1999 amendment deleted the language
requiring cancellation and made failure to deliver the subsection (b) notice an
affirmative defense. Act of May 30, 1999, 76th Leg., R.S., ch. 1481, § 16, sec.
33.04(d) 1999 Tex. Gen. Laws 5097, 5101. The 1999 amendatory language added
that penalties and interest were reinstated "if subsequent to the collector's failure to
deliver the notice required by Subsection (b), the collector delivers the notice in any
subsequent year divisible by five."  Act of May 30, 1999, 76th Leg., R.S., ch. 1481,
§ 16, sec. 33.04(e) 1999 Tex. Gen. Laws 5097, 5101. 
14. We also note that the specific holding of Aldine Independent School Distrtict v. Ogg
is inapposite to the determination of whether penalties and interest were properly
cancelled for failure to deliver a section 33.04(b) notice in this case. 122 S.W.3d 257
(Tex. App.--Houston [1st Dist.] 2003, no pet.). In Ogg, the 1985 version of section
33.04 applied. Id. at 263. As discussed, that version does not govern the delinquency
notice at issue in this case. 
15. Although it has been amended numerous times since its enactment in 1985, Tax Code
section 33.011 has always provided a process for a taxpayer to request a waiver of
penalties and interest if the act or omission of an officer, employee, or agent of the
appraisal district or taxing unit caused or resulted in the taxpayer's failure to pay the
tax before delinquency. See Tex. Tax Code Ann. § 33.011 (Vernon 2001). Here, it
is undisputed that the trust did not request a waiver of penalties or interest pursuant
to section 33.011. 
16. Because we hold the evidence was legally insufficient, we need not address whether
the evidence was factually insufficient.