COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



STATE OFFICE OF RISK
MANAGEMENT,


 Appellant,


v.


MAE DAVIS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00307-CV



Appeal from the


327th District Court


of El Paso County, Texas


(TC# 2007-3271)


O P I N I O N


 The State Office of Risk Management (SORM) appeals the trial court's award of attorney's
fees, stemming from the jury's verdict in favor of Mae Davis. (1) We conclude the trial court erred by
ordering SORM to pay Davis's attorney's fees, and therefore, we modify the trial court's judgment
to delete the award of attorney's fees, and affirm the judgment as modified.

BACKGROUND


 On November 30, 1999, Mae Davis was injured on the job while employed as a nurse with
the El Paso State Center. As a result of that injury, she sought supplemental income benefits from
SORM, the agency that administers her worker's compensation claims, and was awarded the same
for thirteen consecutive quarters. However, a benefits review conference was held for Davis's
entitlement to supplemental income benefits for the fourteenth, fifteenth, sixteenth, and seventeenth
quarters. When the parties were unable to reach an agreement, a contested hearing was held on April
23, 2007, before the Texas Workers' Compensation Commission ("TWCC"). The hearing officer
determined that Davis was not entitled to supplemental income benefits for those quarters, and the
TWCC Appeals Panel affirmed that decision. Davis then filed suit in district court seeking judicial
review of the decision. In so doing, Davis sought attorney's fees. SORM answered, pled sovereign
immunity, and specially excepted to Davis's request for attorney's fees. The trial court denied
SORM's special exception, and after a jury found Davis was entitled to supplemental income
benefits for the complained-of quarters and awarded her attorney's fees, the court entered judgment
accordingly.

DISCUSSION

 On appeal, SORM contends, in a single issue, that the trial court erred by awarding attorney's
fees to Davis absent an express waiver of sovereign immunity for the same. We agree.

Applicable Law

A. Sovereign Immunity

 Sovereign immunity consists of two components: (1) immunity from liability, and (2)
immunity from suit. Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006). While immunity
from suit defeats a trial court's subject-matter jurisdiction, see Tex. Dep't of Transp. v. Jones, 8
S.W.3d 636, 639 (Tex. 1999), immunity from liability protects the State from monetary judgments. 
Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853 (Tex. 2002). The
legislature, however, may waive or abrogate sovereign immunity through clear and unambiguous
statutory language. Tooke, 197 S.W.3d at 332; Tex. Gov't Code Ann. § 311.034 (Vernon Supp.
2009) ("In order to preserve the legislature's interest in managing state fiscal matters through the
appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the
waiver is effected by clear and unambiguous language.").

B. Attorney's Fees

 Attorney's fees are not recoverable unless such recovery is provided for by statute or by
contract between the parties. See Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 593
(Tex. 1996); Rodriguez v. Ysleta Independent School Dist., 68 S.W.3d 699, 700 (Tex. App.-El Paso
2001, pet. denied). As no contract existed between the parties, we limit our review to the statutory
context. "In civil cases, the statute in question must expressly provide for the attorney's fees." 
Rodriguez, 68 S.W.3d at 700 (citing Mayfield, 923 S.W.2d at 593). Whether a statute authorizes an
award of attorney's fees is a question of law. See Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91,
95 (Tex. 1999).

 Application of the Law to the Facts

 Initially, we note that as SORM administers a workers' compensation insurance program for
government employees, it is treated as an "insurer" under the Labor Code. See Tex. Lab. Code
Ann. § 412.011(a) (Vernon Supp. 2009); Tex. Lab. Code Ann. § 501.002(c) (Vernon 2006) (stating
that for the purpose of applying Chapter 408, other than sections 408.001(b) and (c), "insurer" means
"state" or "state agency"). Therefore, under Section 408.147, "[i]f an insurance carrier disputes the
commissioner's determination that an employee is entitled to supplemental income benefits or the
amount of supplemental income benefits due and the employee prevails on any disputed issue, the
insurance carrier is liable for reasonable and necessary attorney's fees incurred by the employee as
a result of the insurance carrier's dispute . . . ." Id. at § 408.147(c) (Vernon 2006). However,
Section 501.002(d) limits a state agency's liability under the Labor Code to only those actions and
damages authorized by the Texas Tort Claims Act. Id. at § 501.002(d). And the Texas Tort Claims
Act does not expressly provide for the recovery of attorney's fees. See Texas Education Agency v.
Leeper, 893 S.W.2d 432, 448 (Tex. 1994) (Gonzalez, J., concurring in part and dissenting in part);
City of Waco v. Hester, 805 S.W.2d 807, 820 (Tex. App.-Waco 1990, writ denied); Ramirez v. Dietz,
No. 07-04-0108-CV, 2006 WL 507947, at *2 (Tex. App.-Amarillo Mar. 1, 2006, no pet.) (mem. op.,
not designated for publication). Accordingly, we do not believe that the legislature has expressly
waived SORM's sovereign immunity for attorney's fees under the Labor Code. See, e.g., Holland,
1 S.W.3d at 95; Stephens v. Dallas Area Rapid Transit, 50 S.W.3d 621, 631 (Tex. App.-Dallas
2001, pet. denied) (cases holding attorney's fees not recoverable from worker's compensation
discrimination suit when there was no statutory provision specifically providing for recovery of
attorney's fees).

CONCLUSION

 Finding the trial court erred by awarding Davis attorney's fees, we sustain SORM's sole
issue. Therefore, we reform the trial court's judgment to delete the award of attorney's fees and
affirm the judgment as reformed.


 GUADALUPE RIVERA, Justice

May 19, 2010


Before McClure, J., Rivera, J., and Guaderrama, Judge

Guaderrama, Judge, sitting by assignment
1. SORM's original brief also challenged the trial court's assessment of court costs; however, prior to
submission on oral argument, SORM filed a motion to sever and dismiss that issue from its brief. The Clerk of this
Court asked for a response from Davis, and Davis informed this Court that she did not oppose the motion. 
Accordingly, we grant SORM's motion to sever its court-costs issue and dismiss that issue from this appeal. See
Tex. R. App. P. 42.1(b) (allowing appellate court to dispose of severable portion of proceeding under Rule 42.1(a) if
doing so will not prejudice remaining parties).