DEAN FOODS COMPANY d/b/a Bell Gandy's, Inc. and Texas Worker's Compensation Commission, Appellants,

v.

Debra ANDERSON, Appellee.

No. 07–04–0016–CV.

Court of Appeals of Texas, Amarillo.

Oct. 13, 2005.

Rehearing Overruled Dec. 21, 2005.

[redacted]

Abel Reyna, Jr., Michael L. Byrd, Byrd & Associates, Lubbock, for Appellants.

Kevin Heyburn, Asst. Atty. Gen., Austin, for Appellant TWCC.

Christopher Carver, John E. Gibson, Gibson Carver, L.L.P., Lubbock, for Appellee.

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

**OPINION**

JOHN T. BOYD, Senior Justice (Retired).

In this appeal, appellants Dean Foods Company d/b/a Bell Gandy's, Inc. (Dean Foods) and the Texas Worker's Compensation Commission (TWCC) challenge the trial court's award of attorney's fees to cross-appellant Debra Anderson (Anderson). In her appeal, Anderson challenges the amount of attorney's fees awarded and specifically complains of the trial court's refusal to consider a contingent fee contract in determining the amount of its award of attorney's fees to her. We reverse the trial court's judgment in part and render a corrected judgment.

Background

Anderson's husband was murdered by an unknown assailant while employed by Dean Foods. She filed a claim for workers' compensation benefits because of his death. That claim was opposed by Dean Foods,[2] which contended that the death was the result of personal animosities with the assailant or assailants and also contended that the death occurred outside of the course and scope of his employment.[3] The claim proceeded to hearing before a

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp.2004).

2. Dean Foods is a certified self-insurer subject to the Texas Workers' Compensation Act. Tex. Lab.Code Ann. § 407.042 (Vernon 1996).

3. Dean Foods additionally based its denial of compensability on other grounds but abandoned them prior to the contested case hearing.

TWCC hearing officer, who found that the death was a compensable injury. That finding was affirmed by a TWCC appeals panel. Anderson was the sole beneficiary and entitled to whatever TWCC benefits might be payable.

Dean Foods appealed the compensability determination to the district court. In her answer and counterclaim, *inter alia*, Anderson sought affirmative relief, including attorney's fees. Other than her quest for attorney's fees, Anderson's counterclaims were severed into separate causes and are not at issue in this appeal.

A year after filing its suit, Dean Foods filed a motion for nonsuit. In filing her answer to the suit, Anderson had asked for the award of attorney's fees and, after receiving notice of the nonsuit motion, also submitted a motion seeking attorney's fees in the amount of $320,855.20 with supporting affidavits. In the judgment giving rise to this appeal, the trial court found: 1) it had jurisdiction to award attorney's fees, 2) Anderson was not the "prevailing party" in the suit, 3) reasonable and necessary attorney's fees in the amount of $100,167.86 were incurred by Anderson, and 4) the attorney's fees were to be paid out of Anderson's death benefit award. *See* Tex. Lab.Code Ann. § 408.221 (Vernon Supp.2004–2005) (the Code). Both parties appealed this decision and TWCC intervened in the appeal. *See id.* § 410.254 (Vernon 1996).

In its appeal, Dean Foods challenges the trial court's 1) subject matter jurisdiction to assess attorney's fees, 2) the judgment awarding attorney's fees, and 3) the trial court's receipt of evidence regarding attorney's fees after Dean Foods had filed its nonsuit motion. TWCC also appeals the trial court's award of attorney's fees. Anderson appeals 1) the trial court's finding that she was not the "prevailing party" within the purview of the Code, 2) the

judgment failing to award her attorney's fees pursuant to a contingency fee agreement between herself and her attorneys, and 3) the trial court's decision that Dean Foods had standing to contest the award of attorney's fees to her.

## Discussion

We will consolidate the parties' issues and discuss the three determinative questions presented in those issues. Those questions are: 1) whether the trial court had subject matter jurisdiction to award attorney's fees, 2) the statutory interpretation of the "prevailing party" requirement for attorney's fees under section 408.221(c) of the Code, and 3) the trial court's award of attorney's fees.

## Standard of Review

Statutory construction is a question of law, and we review the trial court's action *de novo*. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex.1989). The primary goal in statutory construction is to ascertain and give effect to the legislature's intent, the evil, and the remedy. Tex. Gov't Code Ann. § 312.005 (Vernon 2005). In ascertaining the legislative intent, we should liberally construe these workers' compensation provisions in favor of injured workers. *Kroger Co. v. Keng*, 23 S.W.3d 347, 349 (Tex.2000).

## Subject Matter Jurisdiction

Whether a court has subject matter jurisdiction is a question of law reviewed *de novo*. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004). A district court may judicially review a TWCC appeals decision once a party has exhausted all administrative remedies. Tex. Lab.Code Ann. § 410.251 (Vernon 1996); *see also Cervantes v. Tyson Foods, Inc.*, 130 S.W.3d 152, 155 (Tex.App.-El Paso 2003, pet. de-

nied). In determining whether a pleader has alleged facts sufficient to demonstrate the trial court's subject matter jurisdiction, we construe the pleadings in favor of the pleader. *See Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982).

■ TWCC contends that the trial court lacked statutory authority to award Anderson any attorney's fees. Dean Foods asserts that Anderson only pled for attorney's fees related to her counterclaims and did not seek attorney's fees related to the request for judicial review until after it had filed its nonsuit motion. At that time, it reasons, the nonsuit had terminated the trial court's jurisdiction, and Anderson could not subsequently file a request for affirmative relief. *See Ault v. Mulanax*, 724 S.W.2d 824, 828 (Tex.App.-Texarkana 1986, orig. proceeding).

■ Once Dean Foods exhausted its administrative remedies and sought judicial review, the trial court gained jurisdiction over the dispute. When the court obtained jurisdiction, Anderson was entitled to and indeed obligated to respond, and in that response, seek attorney's fees. Tex.R. Civ. P. 97; *Falls County v. Perkins and Cullum*, 798 S.W.2d 868, 870 (Tex.App.-Fort Worth 1990, no pet.). Although Anderson's answer only requested attorney's fees in a general manner, it can reasonably be construed as requesting attorney's fees associated with her defense in the judicial review of the award the appeals panel had made to her. That being so, we conclude that Anderson properly and timely requested an award of attorney's fees incurred as a result of the judicial review. Tex.R. Civ. P. 45; *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d at 226. A request for attorney's fees is a claim for affirmative relief. *Falls County v. Perkins and Cullum*, 798 S.W.2d at 870–71. Texas Rule of Civil Procedure 162 specifically provides that a

dismissal or nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief...." Therefore, we conclude that Dean Foods' nonsuit did not deprive the trial court of subject matter jurisdiction over Anderson's request for attorney's fees.

### Prevailing Party

■ Dean Foods next contends that the trial court could not have awarded attorney's fees under section 408.221(c) of the Code because the court determined that Anderson was not the "prevailing party" in the suit and that status was a prerequisite to the award of attorney's fees to be paid by the insurance carrier. TWCC contends the trial court had no authority to award attorney's fees under section 408.221(b) of the Code, which provides for attorney's fees to be paid from the claimant's recovery, because in its judgment, the court did not award a "recovery" from which attorney's fees could be paid.

In deciding these arguments, we will first consider the implications of section 408.221(c) of the Code. In pertinent part, that statute provides:

> An insurance carrier that seeks judicial review under Subchapter G, Chapter 410, of a final decision of a commission appeals panel regarding compensability or eligibility for, or the amount of, income or death benefits is liable for reasonable and necessary attorney's fees as provided by Subsection (d) incurred by the claimant as a result of the insurance carrier's appeal *if the claimant prevails on an issue on which judicial review is sought by the insurance carrier* in accordance with the limitation of issues contained in Section 410.302.... [Emphasis added].

Tex. Lab.Code Ann. § 408.221(c) (Vernon Supp.2004–2005).

■ The concept of "prevailing party" is not defined in the statute. However, it has been defined in other contexts as when "one of the parties to a suit . . . successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of its original contention." *City of Amarillo v. Glick,* 991 S.W.2d 14, 17 (Tex.App.-Amarillo 1997, pet. denied), *quoting F.D.I.C. v. Graham,* 882 S.W.2d 890, 900 (Tex.App.-Houston [14th Dist.] 1994, no writ). Whether a party "prevails" should be based upon success on the merits, rather than whether damages are awarded. *City of Amarillo v. Glick,* 991 S.W.2d at 17; *Scholl v. Home Owners Warranty Corp.,* 810 S.W.2d 464, 468 (Tex.App.-San Antonio 1991, no writ).

Dean Foods contends that because of its nonsuit, Anderson could not and did not obtain a favorable judgment on the merits and therefore, she was not and could not have been the "prevailing party" in the suit Dean Foods filed. *See generally Cigna Ins. Co. of Tex. v. Middleton,* 63 S.W.3d 901, 903 (Tex.App.-Eastland 2001, pet. denied); *see also Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598, 605, 121 S.Ct. 1835, 1840–41, 149 L.Ed.2d 855 (2001). In advancing that proposition, Dean Foods places considerable reliance upon the court's reasoning employed in the *Cigna Ins. Co.* case which is the most nearly analogous authority cited by it. In that case, the court did reverse an award of attorney's fees to the claimant from the carrier because the claimant was not a "prevailing party" in the suit. However, the facts in that case are distinguishable from those before us.

In reaching its decision, the *Cigna* court noted that the insurance company and the claimant had settled and *both* had nonsuited their claims. Because of this, the court reasoned, there "were no remaining issues upon which Middleton [the worker claimant] could prevail." *Cigna Ins. Co. of Tex. v. Middleton,* 63 S.W.3d at 903. As we noted above, the facts in that case are different from those before us here. This is not a case in which both parties sought a nonsuit of their claims.

In this case, Anderson had received a legal determination from the TWCC hearing officer that was affirmed by an appeals panel and which was binding upon Dean Foods during the pendency of an appeal. *See* Tex. Lab.Code Ann. § 410.205(b) (Vernon Supp.2004–2005). Upon Dean Foods' nonsuit, the appeal panel's award became final and received the *imprimatur* of the trial court, marking the end of any further appeal on the issue of compensability. *Id.* § 410.205(a). Thus, even though the trial court, because of Dean Foods' nonsuit, did not render a judgment on the merits of the case, the effect of Dean Foods' nonsuit was to make TWCC's award final and enforceable. Thus, Anderson became the "prevailing party" within the purview of the statute. *See Pacific Employers Insurance Co.,* No. 08–05–00086–CV, 2005 WL 2044936 (Tex.App.-El Paso August 25, 2005, no pet. h.). Moreover, because Anderson had not joined in the nonsuit, the issue of her attorney's fees still remained to be disposed of. Tex.R. Civ. P. 162.

Further, although the general rule is that the workers' compensation claimant's attorney's fees are paid out of the claimant's recovery, section 408.221(c) is an exception to that general rule. In enacting that statute, it appears that the intent of the legislature was to ensure that if the insurance carrier appealed an award, thereby delaying the payment of benefits to an injured worker, it ran the risk of

having to pay the claimant's attorney's fees if its appeal was not well taken. Additionally, there is another valid reason for the statute and the apparent legislative intent. While a worker is not required to have an attorney to represent him or her in TWCC proceedings, in an appeal to the district court, the worker must obtain an attorney or run the risk of representing himself or herself with the pitfalls that may await a non-legally trained participant in a court of record. The trial court here had before it affidavits that showed the activities undertaken by counsel necessitated by the carrier's appeal to the district court.

For these reasons, the section 408.221(c) authorization of the award of attorney's fees to the "prevailing party" is applicable in this case. Having made that decision, we need not address TWCC's issue regarding the trial court's authority to award attorney's fees under section 408.221(b) of the Code or Anderson's issue regarding Dean Foods' standing under section 408.221(b). *See* Tex.R.App. P. 47.1.

### Award of Attorney's Fees

■ We now address Anderson's contention that the trial court erred in failing to consider her contingency fee contract with her attorneys in assessing the amount of reasonable and necessary attorney's fees to be awarded to her.[4] In doing so, we also note Dean Foods' contention that the trial court erred by allowing affidavit evidence after it had filed its nonsuit motion. Attorney's fees must be approved by TWCC or the trial court and must be based upon the attorney's time and expense as evidenced by written documenta-

tion. *See* Tex. Lab.Code Ann. § 408.221(a) & (b) (Vernon Supp.2004–2005). However, the manner and amount of the award of attorney's fees is within the trial court's discretion. *Texas Employers Ins. Ass'n v. Motley*, 491 S.W.2d 395, 397 (Tex.1973); *Transcontinental Ins. Co. v. Smith*, 135 S.W.3d 831, 838 (Tex.App.-San Antonio 2004, no pet.).

■ Applying the principles of statutory construction we have noted, a plain reading of the statute would appear to allow contingency agreements. However, any agreement as to the amount of attorney's fees still must be approved by the trial court. Tex. Lab.Code Ann. § 408.221(a) (Vernon Supp.2004–2005). In addition, section 408.221(c) states the trial court *shall* take into consideration the additional factors listed in section 408.221(d) in making its determination as to the amount of attorney's fees that were reasonable and necessary. Parenthetically, in cases such as this one in which the carrier has filed the appeal, the trial court is not limited by 25 percent of the claimant's recovery applicable in some other workers' compensation cases. *See id.* § 408.221(i). Reading the statute as a whole, we conclude the trial court's discretion in assessing reasonable and necessary attorney's fees is not limited, restricted, or dictated by a contingency fee contract entered into by a claimant and her attorneys. Anderson's issue in that regard is overruled.

■ We next address Dean Foods' contention that the trial court erred by allowing evidence relating to attorney's

---

4. The factors listed include 1) the time and labor required, 2) the novelty and difficulty of the questions involved, 3) the skill required to perform the legal services necessary, 4) the fee customarily charged in the locality for similar legal services, 5) the amount involved in the controversy, 6) the benefits to the claimant that the attorney is responsible for securing, and 7) the experience and ability of the attorney performing the services. Tex. Lab.Code Ann. § 408.221(d) (Vernon Supp. 2004–2005).

fees by affidavit after the filing of the nonsuit motion. As we have noted above, Anderson had timely raised the issue of attorney's fees prior to the filing of that motion. Further, again as we noted above, the trial court was required to consider evidence of the factors listed in section 408.221(d) of the Code in making its decision as to what attorney's fees were reasonable and necessary. Dean Foods has failed to uphold its burden to show that the trial court abused its discretion in reviewing affidavits in making its determination. *See Transcontinental Ins. Co. v. Smith*, 135 S.W.3d at 839. Without such a showing by Dean Foods, we presume the evidence supported the trial court's decision as to attorney fees. *Id.* Dean Foods' argument is overruled.

For the reasons we have expressed, we reverse the trial court's finding as to the "prevailing party" and its holding that the attorney's fees would be paid out of Anderson's recovery. We do affirm its finding as to the amount of attorney's fees to be awarded. Accordingly, and pursuant to the applicable provisions of section 408.221(c) of the Code, we render judgment awarding Anderson the amount of $100,167.86 as the attorney's fees reasonably and necessarily incurred by her to be paid by Dean Foods. *See* Tex.R.App. P. 43.3.

BRIAN QUINN, Chief Justice, concurs.

BRIAN QUINN, Chief Justice, concurring.

I concur with the majority with regard to the "prevailing party," but write separately to explain that the majority's decision also follows analogous precedent. We have recognized that of the many statutes and rules which may entitle a prevailing party to recover attorney's fees, the analysis applied has been uniform. *City of Amarillo v. Glick*, 991 S.W.2d 14, 17 (Tex. App.-Amarillo 1997, no pet.) (dealing with the recovery of fees under § 143.015(c) of the Local Government Code). Furthermore, included among the category of statutes and rules alluded to in *City of Amarillo* is Rule 131 of the Texas Rules of Civil Procedure, and though it speaks in terms of a "successful party," the definition accorded that phrase is the same one accorded the term "prevailing party." *Id.* So, given the uniformity of definition utilized throughout the differing bodies of law, it seems only logical that opinions implicating Rule 131 would be authoritative when deciding whether a party prevailed under § 408.221(c) of the Texas Labor Code. After all, they encompass the same concept.

Next, it consistently has been held that the beneficiary of a non-suit, *e.g.*, the defendant when a plaintiff files a non-suit, is the prevailing or successful party for purposes of Rule 131. *City of Houston v. Woods*, 138 S.W.3d 574, 581 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Harris v. Shotwell*, 490 S.W.2d 860, 861 (Tex.App.-Fort Worth 1973, no writ); *Reed v. State*, 78 S.W.2d 254, 256 (Tex.App.-Austin 1935, writ dism'd). If we are to retain the uniformity spoken of above, then we cannot but conclude that Anderson was the successful or prevailing party here when Dean Foods filed its non-suit.