MEMORANDUM OPINION



No. 04-08-00105-CV



KILLAM RANCH PROPERTIES, LTD.,


Appellant



v.



WEBB COUNTY, TEXAS,


Appellee



From the 341st Judicial District Court, Webb County, Texas


Trial Court No. 2006-CVQ-001710-D3


Honorable David Peeples, Judge Presiding (1)



Opinion by: Steven C. Hilbig, Justice


Sitting: Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: November 19, 2008


AFFIRMED

 This is an appeal from an order awarding attorney's fees after the nonsuit of a declaratory
judgment action. Appellant Killam Ranch Properties, Ltd. ("Killam Ranch") brings three issues,
alleging the trial court erred in awarding attorney's fees to appellee Webb County, Texas ("the
County"). We affirm the trial court's judgment.


Background

 On October 19, 2006, Killam Ranch filed a declaratory judgment action asserting the County
violated certain provisions of the Texas Local Government Code regarding the proposed sale of
county-owned property. The County answered on November 16, 2006, asserting a general denial,
pleading sovereign immunity, and requesting attorney's fees. Killam Ranch filed a notice of nonsuit
on September 20, 2007. The County thereafter filed a motion for attorney's fees based on section
37.009 of the Texas Civil Practice and Remedies Code. After a hearing, the trial court entered final
judgment dismissing Killam Ranch's claims pursuant to the nonsuit and awarding the County
$40,264.00 in attorney's fees. Killam Ranch appeals claiming the trial court erred in awarding
attorney's fees to the County. 

Discussion

 Killam Ranch asserts in its first issue that the trial court abused its discretion in awarding
attorney's fees to the County because on the date of the nonsuit the County had abandoned any
pending claim for affirmative relief by failing to comply with rules 194.2(c) and (d) of the Texas
Rules of Civil Procedure. Killam Ranch contends the County's alleged failure to respond to its
discovery requests resulted in an abandonment of its claim for attorney's fees. 

 Killam Ranch, in accordance with subsections (c) and (d) of rule 194.2 asked the County to
disclose "the legal theories and, in general, the factual bases of the responding party's claims or
defenses" and "the amount and any method of calculating economic damages." See Tex. R. Civ. P.
194.2(c), (d). The County answered stating Killam Ranch had failed to state a viable cause of action
and the County had complied with the provisions of the Texas Local Government Code. The County
further stated the question regarding calculation of damages was " [n]ot applicable." Killam Ranch
contends the claim for attorney's fees did not survive the nonsuit because the County was required
to disclose its claim for affirmative relief, i.e., that it was seeking attorney's fees, the theory for those
fees, and the method used in calculating those fees. Because the County failed to provide this
information, Killam Ranch argues the County abandoned any claim for fees and therefore had no
pending claim for affirmative relief at the time of the nonsuit. 

 A failure to comply with discovery requests in rule 194.2 results in an automatic exclusion
of the non-disclosed evidence, absent proof of good cause or lack of unfair surprise or unfair
prejudice. See Tex. R. Civ. P. 193.6(a); Phan v. Addison Spectrum, L.P., 244 S.W.3d 892, 899 (Tex.
App.-Dallas 2008, no pet.). Killam Ranch is arguing for an extension of this exclusionary rule,
suggesting that a failure to comply with discovery requests results in a wholesale abandonment of
a claim for affirmative relief. 

 A claim for affirmative relief is one on which the County could recover even if Killam Ranch
abandoned or failed to establish its cause of action. See In re C.A.S., 128 S.W.3d 681, 685-86 (Tex.
App.-Dallas 2003, no pet.) (citing Gen. Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.
1990). A request for recovery of attorney's fees, stated in an answer, is a claim for affirmative relief. 
C.A.S., 128 S.W.3d at 686. Killam Ranch has not provided this court with any authority suggesting
that the County abandoned its claim for attorney's fees by failing to respond, or fully respond, to
Killam Ranch's discovery requests under rules 194.2(c) and (d). The only authorities cited by
Killam Ranch involved situations where the appellate courts held the trial court did not err in
excluding evidence based on failures to comply with discovery. See Grimes v. State, No. 03-04-00154-CV, 2005 WL 2043842 (Tex. App.-Austin Aug. 26, 2005, no pet.) (mem. op.) (holding
Railroad Commission did not err in excluding evidence related to legal theory where proponent of
theory failed to respond to a rule 194.2(c) discovery request); Jackson v. Maul, No. 04-02-00873-CV, 2003 WL 22295332 (Tex. App.-San Antonio Oct. 8, 2003, no pet.) (mem. op.) (affirming trial
court's imposition of sanction precluding plaintiff from presenting evidence of defendant's
negligence because plaintiff failed to respond to a rule 194.2(c) discovery request). These cases in
no way suggest a party abandons a claim by failing to respond to a rule 194.2(c) discovery request. 
There is nothing in the case law linking a failure to respond to discovery to an abandonment of a
claim. 

 Moreover, Killam Ranch's argument amounts to a request for a death penalty sanction
without affording the County the due process to which it would be entitled. See Tex. R. Civ. P.
215.3; see also Magnuson v. Mullen, 65 S.W.3d 815, 823 (Tex. App.-Fort Worth 2002, pet. denied)
(holding imposition of discovery sanctions is limited by constitutional due process). Rule 215.3
authorizes the imposition of death penalty sanctions, e.g., the striking of pleadings or imposition of
a default judgment, but only after notice and hearing. See Tex. R. Civ. P. 215.2(b)(5), 215.3. The
record does not reflect any notice or hearing regarding the imposition of sanctions for the County's
alleged failure to comply with discovery. 

 The County did not abandon its claim for attorney's fees by allegedly failing to properly
respond to discovery requests. We overrule Killam Ranch's first issue. 

 Killam Ranch next contends the trial court erred in awarding attorney's fees to the County
because evidence of attorney's fees should have been excluded based on the County's failure to
comply with a discovery request pertaining to testifying experts under rule 194.2(f). Without
evidence, Killam Ranch claims any award of attorney's fees was improper. See Cantu v. Moore, 90
S.W.3d 821, 826 (Tex. App.-San Antonio 2002, pet. denied) (holding expert testimony is required
to support award of attorney's fees); Woollett v. Matyastik, 23 S.W.3d 48, 52 (Tex. App.-Austin
2000, pet. denied) (same). Killam Ranch claims the rules do not permit the County to supplement
its response regarding expert witnesses after the nonsuit and after the original trial deadline had passed.
 In its request under rule 194, Killam Ranch asked the County to disclose, for any testifying
expert (1) the expert's name, address, and telephone number, (2) the subject matter of the expert's
testimony, (3) the general substance of the experts' opinions and a brief summary of the basis for the
opinions, and (4) documents relied on, reviewed by, or prepared by or the experts in anticipation of
their testimony. See Tex. R. Civ. P. 194.2(f). The County timely responded with regard to
attorney's fees by listing the names of two attorneys, James P. Allison and J. Eric Magee - the
attorneys representing the County in the declaratory judgment action - and stating that the subject
matter of their testimony would be "[a]ttorneys' fees." See Tex. R. Civ. P. 194.2(f)(1), (2). The
County stated information with regard to the substance of the experts' testimony or any
documentation related thereto was "[t]o be supplemented." See Tex. R. Civ. P. 194.2(f)(3), (4). 

 Trial was originally set for October 15, 2007. On October 10, 2007, after Killam Ranch had
filed its nonsuit, the County filed a "Motion for Attorney's Fees." Accompanying the motion was
an affidavit from Allison and billing records. Allison essentially testified in his affidavit that he and
his firm provided the County with legal services related to Killam Ranch's claim, implying that the
basis for his opinion on the amount of attorney's fees was the work done in connection with the
claim. The billing records detail the legal services provided. These documents supplied the
information sought by Killam Ranch in the previously unanswered requests for disclosure. The
parties passed on the October 15, 2007 trial date. At the trial on the issue of attorney's fees, held
December 4, 2007, the trial court admitted Allison's testimony and the billing records over Killam
Ranch's objection.

 We review a trial court's ruling to admit or exclude evidence based on the discovery rules
for abuse of discretion. State v. Target Corp., 194 S.W.3d 46, 49 (Tex. App.-Waco 2006, no pet.). 
A trial court abuses its discretion when it rules on the admissibility of evidence in an arbitrary or
unreasonable manner or without reference to guiding legal principles or rules. Carpenter v.
Cimarron Hydrocarbons Corp., 98 S.W.3d 682, 687 (Tex. 2002). We must uphold a trial court's
evidentiary ruling if there is any legitimate basis in the record to support it. Owens-Corning
Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); Taylor v. Texas Dep't of Protective &
Regulatory Servs., 160 S.W.3d 641, 650 (Tex. App.-Austin 2005, pet. denied). 

 The County was obligated to provide the information specified in 194.2(f)(3) and (4). (2) See
Tex. R. Civ. P. 194.3 (stating that responding party must serve written response of requesting party). 
A party must respond to written discovery, including requests for disclosure under rule 194, in
writing within the time provided by court order or the discovery rules. Tex. R. Civ. P. 193.1. When
responding to written discovery, a party must make a complete response, based on all information
reasonably available to the responding party or its attorney at the time the response is made. Id. If
a party's response to written discovery was incomplete or incorrect when made, the party must
amend or supplement the response. Tex. R. Civ. P. 193.5(a). Supplemental or amended responses
must be made "reasonably promptly" after the party discovers the necessity for same, but if made
less than thirty days before trial, it is presumed the response was not reasonably prompt. Tex. R.
Civ. P. 193.5(b). As previously stated, a failure to respond to discovery requests results in automatic
exclusion of the non-disclosed evidence, absent proof of good cause or lack of unfair surprise or
unfair prejudice. Tex. R. Civ. P. 193.6(a); Phan, 244 S.W.3d at 899. 

 There is no dispute that the County did not originally provide responses to Killam Ranch's
requests under rules 194.2(f)(3) and (4). Nor did it supplement its responses more than thirty days
before the October 15, 2007 trial date set forth in the pretrial guideline order. However, trial in this
matter was reset and occurred on December 4, 2007. This resetting nullified the previous discovery
deadlines related to the trial as forth in the pretrial guideline order and governed by the rules of civil
procedure. See Daniels v. Yancy, 175 S.W.3d 889, 893 (Tex. App.-Texarkana 2005, no pet.) (citing
J.G. v. Murray, 915 S.W.2d 548, 550 (Tex. App.-Corpus Christi 1995, no writ). In the absence of
another pretrial guideline order, discovery deadlines were governed by the new trial date. The
County was therefore required to supplement its responses to Killam Ranch's requests for disclosure
thirty days before the December 4, 2007 trial date to avoid the presumption that they were not made
reasonably promptly. See Tex. R. Civ. P. 193.5(b). The County complied by attaching Allison's
affidavit and the billing records to its October 10, 2007 motion. See Tex. Mun. League
Intergovernmental Risk Pool v. Burns, 209 S.W.3d 806, 817-18 (Tex. App.-Fort Worth 2006, no
pet.) (holding that failure to disclose attorney's billing records in response to request for disclosure
did not render records inadmissible under rule 193.6 where documents were produced by attachment
to motions for attorney's fees filed prior to introduction of evidence). 

 We hold the trial court acted within its discretion in finding the County supplemented its
disclosure responses reasonably promptly and in admitting the evidence. Accordingly, we overrule
Killam Ranch's second issue. 

 In its final issue, Killam Ranch argues the trial court erred in awarding attorney's fees to the
County because there was no pleading to support a fee award pending when Killam Ranch filed its
nonsuit. We disagree. 

 In Dean Foods Co. v. Anderson, an employer appealed a workers' compensation
compensability award. 178 S.W.3d 449, 451-52 (Tex. App.-Amarillo 2005, pet. denied). The
claimant requested attorney's fees in response. Id. at 452. The employer subsequently filed a
nonsuit. Id. After the nonsuit, the claimant filed a motion seeking attorney's fees, which the trial
court granted. Id. The employer claimed on appeal that the claimant was not entitled to fees because
she only pled for attorney's fees related to her counterclaims and did not seek fees related to the
request for judicial review until after the nonsuit was filed. Id. The court held that although the
claimant's answer "only requested attorney's fees in a general manner" it could be "reasonably
construed as requesting attorney's fees associated with her defense in the judicial review of the
award the appeals panel had made to her." Id. at 453. The court concluded therefore the attorney's
fees claim survived the nonsuit. Id.; see also Falls County v. Perkins & Cullum, 798 S.W.2d 868,
869-71 (Tex. App.-Fort Worth 1990, no writ) (holding defendant's claim for attorney's fees was
affirmative claim for relief that survived county's nonsuit of declaratory judgment action because
"a request for attorney's fees made in a Declaratory Judgments Act case is a claim for affirmative
relief authorizing a party to be heard under the provisions of rule 162"). 

 The County filed a general request for attorney's fees. Under Dean Foods and Falls County,
this request was sufficient to assert a claim for affirmative relief that would survive Killam Ranch's
nonsuit of its declaratory judgment action. See id. The subsequent motion for attorney's fee was
merely the vehicle by which it sought to enforce its pre-existing claim for relief. 

 Killam Ranch cites Leon Springs Gas Co. v. Restaurant Equip. Leasing Co. for the
proposition that no claim for affirmative relief exists in this case because the County did not plead
a separate cause of action or damages associated therewith. See 961 S.W.2d 574, 577-78 (Tex.
App.-San Antonio 1997, no pet.). Killam Ranch reads the case too broadly. In Leon Springs, the
defendant counterclaimed for attorney's fees under section 38.002 of the Civil Practice and
Remedies Code, which permits a party to recovery attorney's fees in the event a party recovers on
a breach of contract claim and meets other statutory requirements. Id.; see Tex. Civ. Prac. & Rem.
Code Ann. § 38.002 (Vernon 2008). However, the defendant had no underlying breach of contract
claim. This court held a request for attorney's fees made in connection with a contract dispute is
only a claim for affirmative relief that will survive a nonsuit if the request is made in connection with
an underlying contract claim. Leon Springs, 961 S.W.2d at 578. Because the defendant made no
claim for damages based on a breach of contract, there was no basis for an award of attorney's fees,
negating the existence of any claim for affirmative relief that would preclude dismissal based on the
plaintiff's nonsuit. Id. 

 In this case, attorney's fees are recoverable under section 37.009 of the Civil Practice and
Remedies Code without the necessity of the party seeking fees asserting its own declaratory
judgment action or an independent claim of damages based thereon. Compare Tex. Civ. Prac. &
Rem. Code Ann. § 37.009 with Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (Vernon 2008). 
Section 37.009 states that "[i]n any proceeding under this chapter, the court may award costs and
reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code
Ann. § 37.009 (Vernon 2008). Killam Ranch brought a declaratory judgment proceeding under
Chapter 37 and the County requested attorney's fees in response. This was sufficient to assert the
claim, preserve it in the face of the nonsuit, and support an award of fees upon proof of same. 
Accordingly, we overrule Killam Ranch's third issue. 

Conclusion

 We overrule Killam Ranch's issues and hold the trial court did not err in awarding attorney's
fees to the County. Accordingly, we affirm the trial court's judgment. 


 Steven C. Hilbig, Justice



1. Sitting by assignment. 
2. The County does not dispute that both Allison and Magee were "retained by, employed by, or otherwise
subject to the control of" the County, obligating it to provide the information specified in 194.2(f)(4).