

## MEMORANDUM OPINION

No. 04-08-00105-CV

**KILLAM RANCH PROPERTIES, LTD**.,
Appellant

v.

**WEBB COUNTY, TEXAS**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVQ-001710-D3
Honorable David Peeples, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   November 19, 2008

AFFIRMED

This is an appeal from an order awarding attorney's fees after the nonsuit of a declaratory

judgment action. Appellant Killam Ranch Properties, Ltd. ("Killam Ranch") brings three issues,

alleging the trial court erred in awarding attorney's fees to appellee Webb County, Texas ("the

County"). We affirm the trial court's judgment.

---

[1] Sitting by assignment.

## BACKGROUND

On October 19, 2006, Killam Ranch filed a declaratory judgment action asserting the County violated certain provisions of the Texas Local Government Code regarding the proposed sale of county-owned property. The County answered on November 16, 2006, asserting a general denial, pleading sovereign immunity, and requesting attorney's fees. Killam Ranch filed a notice of nonsuit on September 20, 2007. The County thereafter filed a motion for attorney's fees based on section 37.009 of the Texas Civil Practice and Remedies Code. After a hearing, the trial court entered final judgment dismissing Killam Ranch's claims pursuant to the nonsuit and awarding the County $40,264.00 in attorney's fees. Killam Ranch appeals claiming the trial court erred in awarding attorney's fees to the County.

## DISCUSSION

Killam Ranch asserts in its first issue that the trial court abused its discretion in awarding attorney's fees to the County because on the date of the nonsuit the County had abandoned any pending claim for affirmative relief by failing to comply with rules 194.2(c) and (d) of the Texas Rules of Civil Procedure. Killam Ranch contends the County's alleged failure to respond to its discovery requests resulted in an abandonment of its claim for attorney's fees.

Killam Ranch, in accordance with subsections (c) and (d) of rule 194.2 asked the County to disclose "the legal theories and, in general, the factual bases of the responding party's claims or defenses" and "the amount and any method of calculating economic damages." *See* Tex. R. Civ. P. 194.2(c), (d). The County answered stating Killam Ranch had failed to state a viable cause of action and the County had complied with the provisions of the Texas Local Government Code. The County further stated the question regarding calculation of damages was " [n]ot applicable." Killam Ranch

contends the claim for attorney's fees did not survive the nonsuit because the County was required to disclose its claim for affirmative relief, *i.e.*, that it was seeking attorney's fees, the theory for those fees, and the method used in calculating those fees. Because the County failed to provide this information, Killam Ranch argues the County abandoned any claim for fees and therefore had no pending claim for affirmative relief at the time of the nonsuit.

A failure to comply with discovery requests in rule 194.2 results in an automatic exclusion of the non-disclosed evidence, absent proof of good cause or lack of unfair surprise or unfair prejudice. *See* TEX. R. CIV. P. 193.6(a); *Phan v. Addison Spectrum, L.P.*, 244 S.W.3d 892, 899 (Tex. App.–Dallas 2008, no pet.). Killam Ranch is arguing for an extension of this exclusionary rule, suggesting that a failure to comply with discovery requests results in a wholesale abandonment of a claim for affirmative relief.

A claim for affirmative relief is one on which the County could recover even if Killam Ranch abandoned or failed to establish its cause of action. *See In re C.A.S.*, 128 S.W.3d 681, 685-86 (Tex. App.–Dallas 2003, no pet.) (citing *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). A request for recovery of attorney's fees, stated in an answer, is a claim for affirmative relief. *C.A.S.*, 128 S.W.3d at 686. Killam Ranch has not provided this court with any authority suggesting that the County abandoned its claim for attorney's fees by failing to respond, or fully respond, to Killam Ranch's discovery requests under rules 194.2(c) and (d). The only authorities cited by Killam Ranch involved situations where the appellate courts held the trial court did not err in excluding evidence based on failures to comply with discovery. *See Grimes v. State*, No. 03-04-00154-CV, 2005 WL 2043842 (Tex. App.–Austin Aug. 26, 2005, no pet.) (mem. op.) (holding Railroad Commission did not err in excluding *evidence* related to legal theory where proponent of

theory failed to respond to a rule 194.2(c) discovery request); *Jackson v. Maul*, No. 04-02-00873-CV, 2003 WL 22295332 (Tex. App.–San Antonio Oct. 8, 2003, no pet.) (mem. op.) (affirming trial court's imposition of sanction precluding plaintiff from presenting *evidence* of defendant's negligence because plaintiff failed to respond to a rule 194.2(c) discovery request). These cases in no way suggest a party *abandons* a claim by failing to respond to a rule 194.2(c) discovery request. There is nothing in the case law linking a failure to respond to discovery to an abandonment of a claim.

Moreover, Killam Ranch's argument amounts to a request for a death penalty sanction without affording the County the due process to which it would be entitled. *See* TEX. R. CIV. P. 215.3; *see also Magnuson v. Mullen*, 65 S.W.3d 815, 823 (Tex. App.–Fort Worth 2002, pet. denied) (holding imposition of discovery sanctions is limited by constitutional due process). Rule 215.3 authorizes the imposition of death penalty sanctions, *e.g.*, the striking of pleadings or imposition of a default judgment, but only after notice and hearing. *See* TEX. R. CIV. P. 215.2(b)(5), 215.3. The record does not reflect any notice or hearing regarding the imposition of sanctions for the County's alleged failure to comply with discovery.

The County did not abandon its claim for attorney's fees by allegedly failing to properly respond to discovery requests. We overrule Killam Ranch's first issue.

Killam Ranch next contends the trial court erred in awarding attorney's fees to the County because evidence of attorney's fees should have been excluded based on the County's failure to comply with a discovery request pertaining to testifying experts under rule 194.2(f). Without evidence, Killam Ranch claims any award of attorney's fees was improper. *See Cantu v. Moore*, 90 S.W.3d 821, 826 (Tex. App.–San Antonio 2002, pet. denied) (holding expert testimony is required

to support award of attorney's fees); *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.–Austin 2000, pet. denied) (same). Killam Ranch claims the rules do not permit the County to supplement its response regarding expert witnesses after the nonsuit and after the original trial deadline had passed.

In its request under rule 194, Killam Ranch asked the County to disclose, for any testifying expert (1) the expert's name, address, and telephone number, (2) the subject matter of the expert's testimony, (3) the general substance of the experts' opinions and a brief summary of the basis for the opinions, and (4) documents relied on, reviewed by, or prepared by or the experts in anticipation of their testimony. *See* TEX. R. CIV. P. 194.2(f). The County timely responded with regard to attorney's fees by listing the names of two attorneys, James P. Allison and J. Eric Magee – the attorneys representing the County in the declaratory judgment action – and stating that the subject matter of their testimony would be "[a]ttorneys' fees." *See* TEX. R. CIV. P. 194.2(f)(1), (2). The County stated information with regard to the substance of the experts' testimony or any documentation related thereto was "[t]o be supplemented." *See* TEX. R. CIV. P. 194.2(f)(3), (4).

Trial was originally set for October 15, 2007. On October 10, 2007, after Killam Ranch had filed its nonsuit, the County filed a "Motion for Attorney's Fees." Accompanying the motion was an affidavit from Allison and billing records. Allison essentially testified in his affidavit that he and his firm provided the County with legal services related to Killam Ranch's claim, implying that the basis for his opinion on the amount of attorney's fees was the work done in connection with the claim. The billing records detail the legal services provided. These documents supplied the information sought by Killam Ranch in the previously unanswered requests for disclosure. The parties passed on the October 15, 2007 trial date. At the trial on the issue of attorney's fees, held

December 4, 2007, the trial court admitted Allison's testimony and the billing records over Killam Ranch's objection.

We review a trial court's ruling to admit or exclude evidence based on the discovery rules for abuse of discretion. *State v. Target Corp.,* 194 S.W.3d 46, 49 (Tex. App.–Waco 2006, no pet.). A trial court abuses its discretion when it rules on the admissibility of evidence in an arbitrary or unreasonable manner or without reference to guiding legal principles or rules. *Carpenter v. Cimarron Hydrocarbons Corp.,* 98 S.W.3d 682, 687 (Tex. 2002). We must uphold a trial court's evidentiary ruling if there is any legitimate basis in the record to support it. *Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 650 (Tex. App.–Austin 2005, pet. denied).

The County was obligated to provide the information specified in 194.2(f)(3) and (4).[2] *See* TEX. R. CIV. P. 194.3 (stating that responding party must serve written response of requesting party). A party must respond to written discovery, including requests for disclosure under rule 194, in writing within the time provided by court order or the discovery rules. TEX. R. CIV. P. 193.1. When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made. *Id.* If a party's response to written discovery was incomplete or incorrect when made, the party must amend or supplement the response. TEX. R. CIV. P. 193.5(a). Supplemental or amended responses must be made "reasonably promptly" after the party discovers the necessity for same, but if made less than thirty days before trial, it is presumed the response was not reasonably prompt. TEX. R. CIV. P. 193.5(b). As previously stated, a failure to respond to discovery requests results in automatic

---

[2] The County does not dispute that both Allison and Magee were "retained by, employed by, or otherwise subject to the control of" the County, obligating it to provide the information specified in 194.2(f)(4).

exclusion of the non-disclosed evidence, absent proof of good cause or lack of unfair surprise or unfair prejudice. TEX. R. CIV. P. 193.6(a); *Phan*, 244 S.W.3d at 899.

There is no dispute that the County did not originally provide responses to Killam Ranch's requests under rules 194.2(f)(3) and (4). Nor did it supplement its responses more than thirty days before the October 15, 2007 trial date set forth in the pretrial guideline order. However, trial in this matter was reset and occurred on December 4, 2007. This resetting nullified the previous discovery deadlines related to the trial as forth in the pretrial guideline order and governed by the rules of civil procedure. *See Daniels v. Yancy*, 175 S.W.3d 889, 893 (Tex. App.–Texarkana 2005, no pet.) (citing *J.G. v. Murray*, 915 S.W.2d 548, 550 (Tex. App.–Corpus Christi 1995, no writ). In the absence of another pretrial guideline order, discovery deadlines were governed by the new trial date. The County was therefore required to supplement its responses to Killam Ranch's requests for disclosure thirty days before the December 4, 2007 trial date to avoid the presumption that they were not made reasonably promptly. *See* TEX. R. CIV. P. 193.5(b). The County complied by attaching Allison's affidavit and the billing records to its October 10, 2007 motion. *See Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817-18 (Tex. App.–Fort Worth 2006, no pet.) (holding that failure to disclose attorney's billing records in response to request for disclosure did not render records inadmissible under rule 193.6 where documents were produced by attachment to motions for attorney's fees filed prior to introduction of evidence).

We hold the trial court acted within its discretion in finding the County supplemented its disclosure responses reasonably promptly and in admitting the evidence. Accordingly, we overrule Killam Ranch's second issue.

In its final issue, Killam Ranch argues the trial court erred in awarding attorney's fees to the County because there was no pleading to support a fee award pending when Killam Ranch filed its nonsuit. We disagree.

In *Dean Foods Co. v. Anderson*, an employer appealed a workers' compensation compensability award. 178 S.W.3d 449, 451-52 (Tex. App.–Amarillo 2005, pet. denied). The claimant requested attorney's fees in response. *Id.* at 452. The employer subsequently filed a nonsuit. *Id.* After the nonsuit, the claimant filed a motion seeking attorney's fees, which the trial court granted. *Id.* The employer claimed on appeal that the claimant was not entitled to fees because she only pled for attorney's fees related to her counterclaims and did not seek fees related to the request for judicial review until after the nonsuit was filed. *Id.* The court held that although the claimant's answer "only requested attorney's fees in a general manner" it could be "reasonably construed as requesting attorney's fees associated with her defense in the judicial review of the award the appeals panel had made to her." *Id*. at 453. The court concluded therefore the attorney's fees claim survived the nonsuit. *Id.*; *see also Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 869-71 (Tex. App.–Fort Worth 1990, no writ) (holding defendant's claim for attorney's fees was affirmative claim for relief that survived county's nonsuit of declaratory judgment action because "a request for attorney's fees made in a Declaratory Judgments Act case is a claim for affirmative relief authorizing a party to be heard under the provisions of rule 162").

The County filed a general request for attorney's fees. Under *Dean Foods* and *Falls County*, this request was sufficient to assert a claim for affirmative relief that would survive Killam Ranch's nonsuit of its declaratory judgment action. *See id.* The subsequent motion for attorney's fee was merely the vehicle by which it sought to enforce its pre-existing claim for relief.

Killam Ranch cites *Leon Springs Gas Co. v. Restaurant Equip. Leasing Co.* for the proposition that no claim for affirmative relief exists in this case because the County did not plead a separate cause of action or damages associated therewith. *See* 961 S.W.2d 574, 577-78 (Tex. App.–San Antonio 1997, no pet.). Killam Ranch reads the case too broadly. In *Leon Springs*, the defendant counterclaimed for attorney's fees under section 38.002 of the Civil Practice and Remedies Code, which permits a party to recovery attorney's fees in the event a party recovers on a breach of contract claim and meets other statutory requirements. *Id*.; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008). However, the defendant had no underlying breach of contract claim. This court held a request for attorney's fees made in connection with a contract dispute is only a claim for affirmative relief that will survive a nonsuit if the request is made in connection with an underlying contract claim. *Leon Springs*, 961 S.W.2d at 578. Because the defendant made no claim for damages based on a breach of contract, there was no basis for an award of attorney's fees, negating the existence of any claim for affirmative relief that would preclude dismissal based on the plaintiff's nonsuit. *Id.*

In this case, attorney's fees are recoverable under section 37.009 of the Civil Practice and Remedies Code without the necessity of the party seeking fees asserting its own declaratory judgment action or an independent claim of damages based thereon. *Compare* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 *with* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (Vernon 2008). Section 37.009 states that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). Killam Ranch brought a declaratory judgment proceeding under Chapter 37 and the County requested attorney's fees in response. This was sufficient to assert the

claim, preserve it in the face of the nonsuit, and support an award of fees upon proof of same. Accordingly, we overrule Killam Ranch's third issue.

## CONCLUSION

We overrule Killam Ranch's issues and hold the trial court did not err in awarding attorney's fees to the County. Accordingly, we affirm the trial court's judgment.

Steven C. Hilbig, Justice