**Court Of Appeals**
**Fourth Court of Appeals District of Texas**
**San Antonio**



## MEMORANDUM OPINION

No. 04-07-00862-CV

**TEXAS MUTUAL INSURANCE CO.**,
Appellant

v.

Charles E. **DURST**, Jr.,
Appellee

From the 2nd 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 06-0704-CV
Honorable W. C. Kirkendall, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                  Rebecca Simmons, Justice
                  Steven C. Hilbig, Justice

Delivered and Filed:    February 25, 2009

AFFIRMED

This is an appeal from a judgment in a worker's compensation case. At trial, Texas Mutual Insurance Co., the worker's compensation insurance carrier, disputed the extent of Charles E. Durst's compensable injury. After the presentation of all the evidence, the jury returned a verdict in Durst's favor. The trial court then signed a judgment on the verdict. After judgment was entered, Durst's attorneys sought an award of attorneys' fees against Texas Mutual. The trial court then signed an order awarding Durst's attorneys approximately $160,000 in attorneys' fees. On appeal, Texas

Mutual contends that the trial court erred in admitting Texas Mutual's letter preauthorizing surgery for Durst and in awarding Durst over $160,000 in attorneys' fees. We affirm the trial court's judgment.

## DISCUSSION

In November 2004, Durst, an employee of The Bandit Golf Club, injured his back at work. Texas Mutual, the worker's compensation insurance carrier, did not dispute that Durst aggravated his preexisting back condition while on the job, but rather, disputed the extent of the aggravation of his injury. Specifically, Texas Mutual agreed that Durst's injury at the L4-L5 spine level was compensable, but disagreed that the compensable injury extended to the L3-L4 and L5-S1 spine levels. In March 2005, Texas Mutual issued a letter preauthorizing the surgery to all three spinal levels as medically necessary, but continued to dispute the compensability of the treatment as to all but one spinal level. The Texas Worker's Compensation Commission ruled in favor of Durst, finding all three levels of the spine were aggravated by the November 2004 work-related injury. Texas Mutual appealed the Commission's finding to the district court, which, following a jury trial, signed a judgment in favor of Durst.

At trial, while cross-examining Dr. William Blair, one of Texas Mutual's expert witnesses, Durst sought to admit Texas Mutual's preauthorization letter. The following exchange occurred:

Q:      You also disagree – in fact, you dispute whether this surgery was
        appropriate and necessary.

> **Attorney for Texas Mutual:** Objection, Judge. Beyond the
> scope of the direct examination and not at issue in this case.

> **Court:** Overruled.

A:      Did I disagree with the necessity of the surgery? No.

Q:    Did you disagree – nice distinction, I think, what you're trying to make. Did you disagree that the 360-fusion ordered by the doctor, performed by the doctor, was necessary or not?

A:    For this injury, no. It's a matter of difference in opinion.

Q:    In fact, that opinion was not shared even by internal folks at Texas Mutual about whether it was necessary or not, was it? They disagree with you.

A:    I don't understand you – I have no idea what they – they decided.

**Attorney for Durst:** Your Honor, I'm required to approach the Bench.

**Court:** Yes, approach the Bench.

(At the Bench, on the Record)

**Court:** This is for –

**Attorney for Texas Mutual:** You've already ruled on this, Judge.

**Attorney for Durst:** He ruled to approach the Bench.

**Court:** I ruled we approach the Bench. And you're tendering Defendant's Exhibit Number 4?

**Attorney for Durst:** It's an inconsistent –

**Court:** Admission against interest.

**Attorney for Durst:** Yes, by Texas –

**Court:** Do you have an objection?

**Attorney for Texas Mutual:** Yes, sir, we have objection. He already testified he doesn't know what the people at Texas Mutual said. It would be purely speculation as to this witness, what Texas Mutual's ideas and motivations were. These are not contained in the documents that were provided to him, Judge. He was given this in medical records.

(Open court, on the Record)

> **Court:** All right. I'm going to overrule the objection and admit Defendant's Exhibit 4.

In its first two issues on appeal, Texas Mutual contends the trial court committed error in admitting the preauthorization letter because it was not relevant to any disputed fact. The letter was not relevant because, according to Texas Mutual, it only demonstrated that Texas Mutual acknowledged the medical necessity of Durst's surgery, but not the extent to which Durst's back condition was caused by his work-related accident. Texas Mutual further argues the erroneous admission of the letter likely led to an improper verdict because Durst's attorney argued to the jury that the letter proved Texas Mutual knew Durst's disputed injuries were related to his on-the-job injury. Texas Mutual emphasizes that Durst's attorney focused on the preauthorization letter before the jury as the "[m]ost single important document in this entire case."

In response to Texas Mutual's argument, Durst contends Texas Mutual waived its relevancy argument. Specifically, Durst points to Texas Mutual's relevancy objection that counsel's question was "not at issue in this case" and emphasizes that this objection was to the question itself, not to the admission of the preauthorization letter. Thus, the only relevancy objection that was preserved for appeal does not apply to the admission of the letter. And, Durst emphasizes that although Texas Mutual objected to the admission of the preauthorization letter, the objection was not based on relevancy.

In order to present a complaint on appeal, the record must show a timely and specific objection that was sufficient to make the trial court aware of the complaint unless it was apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). Additionally, an objection made during trial must mirror the argument on appeal, or the issue will be waived. *Thomas v. State*, 226 S.W.3d 697, 704-05

(Tex. App.—Corpus Christi 2007, pet. dism'd) (issue waived where trial objection was to relevancy but issue on appeal was to hearsay); *Trailways, Inc. v. Clark*, 794 S.W.2d 479, 488 (Tex. App.—Corpus Christi 1990, writ denied) (trial objection not based on relevance or prejudicial effect did not preserve error on these grounds). Here, Texas Mutual did not object to the admission of the preauthorization letter on relevancy grounds, the only ground it raises on appeal.

Nevertheless, Texas Mutual argues that it did not waive its relevancy objection because, although counsel did not specifically make a relevancy objection to the admission of the document, the trial judge clearly understood, in context, that Texas Mutual was making a relevancy objection because it had previously objected to questions about the document on relevancy grounds. It is important to note, however, that Texas Mutual did, in fact, make specific objections to the admission of the document on the grounds of speculation and lack of personal knowledge. Under these circumstances, we cannot say it was clearly apparent to the trial judge that Texas Mutual was, in fact, making a relevancy objection to the admission of the document. We, therefore, overrule Texas Mutual's first two issues.

We next turn to Texas Mutual's complaint concerning the trial court's award of attorneys' fees. In its third and fourth issues on appeal, Texas Mutual argues that the trial court's award of attorneys' fees was improper and unsupported by the evidence. Although recognizing that Durst was entitled to recover reasonable and necessary attorneys' fees pursuant to section 408.221(c) of the Texas Labor Code, Texas Mutual nevertheless contends the trial court erred in it award to Durst for numerous reasons: (1) Durst waived entitlement to attorneys' fees because he failed to comply with discovery and disclosure obligations pertaining to expert witnesses on attorneys' fees; (2) the evidence is insufficient to support the high hourly rates and total fees submitted by Durst; (3) the

affidavit evidence Durst submitted is conclusory; (4) Durst failed to segregate time spent on the worker's compensation case and the bad faith case pending between the same parties; and (5) Texas Mutual's expert testimony is the only competent attorneys' fee evidence presented.

Durst responds that Texas Mutual waived error with respect to the award of attorneys' fees. Further, Durst counters that it was not required to comply with discovery and disclosure obligations because of the unique nature of the handling of attorneys' fees under the Labor Code's attorneys' fee provision. In other words, because the attorneys' fees issue was not heard by the jury at trial, but rather by the court at a post-trial hearing held months later, the usual pre-trial discovery and disclosure rules were not applicable. And, according to Durst, because the trial court has the inherent authority to control its docket, there was no abuse of discretion in how the trial court handled the attorneys' fees issue. As to Texas Mutual's other complaints, Durst contends the trial court acted within its discretion in its award of attorneys' fees.

With regard to the waiver issue, we disagree with Durst that he was not required to comply with pre-trial discovery and disclosure rules. *See Tex. Mun. League Intergovernmental Risk Pool v. Burns*, 209 S.W.3d 806, 817-18 (Tex. App.—Fort Worth 2006, no pet.) (applying pre-trial discovery and disclosure rules to attorneys' fee award in worker's compensation suit); *Hatch v. Tex. Prop. & Cas. Ins. Guar. Ass'n for Home Indem. Co.*, No. 01-06-00631-CV, 2007 WL 2011041, at *4-*6 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same). We agree, however, with Durst that Texas Mutual waived error by failing to obtain a ruling on this issue.

A complaint is preserved for review on appeal only if the record shows the complaint was made known to the trial court and the trial court ruled on the complaint. TEX. R. APP. P. 33.1(a). The trial court's ruling may be either express or implicit. *Id.* "A ruling is implicit if it is unexpressed but

capable of being understood from something else." *Well Solutions v. Stafford*, 32 S.W.3d 313, 316 (Tex. App.—San Antonio 2000, no pet.).

Here, there is no dispute the trial court did not explicitly rule on Texas Mutual's motion to strike for failure of Durst to comply with pre-trial discovery and disclosure rules. Thus, we must look to the record in considering whether the trial court ruled implicitly. A review of the record shows that, after the jury trial concluded on September 13, 2007, Durst filed a motion for approval of statutory attorneys' fees on October 18, 2007. In response, Texas Mutual filed a motion to strike Durst's motion and alternatively, a motion for continuance. In its motion to strike, Texas Mutual argued that Durst's motion for attorneys' fees should be stricken because the evidence and affidavits offered post-trial were not produced or disclosed during pre-trial discovery. Texas Mutual's motion recites that a hearing on Durst's motion was set for October 24, 2007. In its alternative motion for continuance, Texas Mutual contended that it needed additional time to respond to Durst's motion. The record reflects no ruling on Texas Mutual's motion to strike or motion for continuance; however, the trial court did conduct a hearing on the issue of attorneys' fees, not on the previously-scheduled date of October 24, 2007, but rather on December 14, 2007. Thus, it is apparent the trial court, while taking no action on Texas Mutual's motion to strike, did implicitly grant Texas Mutual's alternative motion for continuance.

Before the hearing on attorneys' fees was held, on November 7, 2007, Texas Mutual filed its opposition to Durst's motion for approval of statutory attorneys' fees. In that motion, Texas Mutual argued that, for a variety of reasons unrelated to Durst's failure to comply with pre-trial discovery and disclosure rules, Durst's request for attorneys' fees should not be approved. The trial court then sent both parties a letter, dated November 16, 2007, in which the judge stated he had "reviewed the

motions for attorneys fees, the various responses thereto, and the authorities cited" and made several enumerated findings. The findings make no reference whatsoever to Texas Mutual's motion to strike Durst's motion for attorneys' fees based on Durst's failure to comply with pre-trial discovery and disclosure rules. Instead, the letter denied Texas Mutual's request for a jury trial on the attorneys' fees issue; overruled Texas Mutual's objection that Durst waived his claim for attorneys' fees by not requesting submission to the jury; approved the hourly fees requested by both Texas Mutual's and Durst's attorneys as reasonable, customary, and necessary; and set a hearing for determination of appellate attorneys' fees and the issue of "allegations of unnecessary, duplicative or unsegregated fees." That hearing was held on December 14, 2007.

At the hearing on attorneys' fees, the issue of whether Durst complied with pre-trial discovery and disclosure rules was never raised or addressed. The only issues raised and ruled upon concerned the following: whether Durst's attorneys' hourly rates were reasonable and whether all of the work done was necessary; the failure of Durst's attorneys to segregate time spent on the worker's compensation case and time spent on the bad faith case; and the duplication of Durst's attorneys' work. After considering counsels' affidavits and arguments, the trial court awarded Durst $160,454 in attorneys' fees. It is thus apparent from the record that Texas Mutual never obtained a ruling on its motion to strike Durst's motion for attorneys' fees based on Durst's failure to comply with pre-trial discovery and disclosure rules. Nothing in the record shows an implicit ruling by the trial court. Therefore, Texas Mutual waived this issue on appeal.

With regard to Texas Mutual's other complaints pertaining to the trial court's award of attorneys' fees to Durst, we note that we are to review the trial court's findings for an abuse of discretion. *See Dean Foods Co. v. Anderson*, 178 S.W.3d 449, 455 (Tex. App.—Amarillo 2005, pet.

denied) (holding the manner and amount of attorneys' fees awarded is within the trial court's discretion). And, we further note that the Labor Code sets forth the factors to be considered by the court in approving attorneys' fees:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill required to perform the legal services properly;

(4) the fee customarily charged in the locality for similar legal services;

(5) the amount involved in the controversy;

(6) the benefits to the claimant that the attorney is responsible for securing; and

(7) the experience and ability of the attorney performing the services.

TEX. LAB. CODE ANN. § 408.221(d) (2006).

Durst submitted evidence on the attorneys' fees issue by attaching the affidavit of Michael P. Doyle to his motion for approval of statutory attorneys' fees. Doyle, one of Durst's attorneys, set forth his qualifications and experience as an attorney who has represented workers' compensation claimants on a regular basis. Based on his familiarity with the standards of practice and for calculating reasonable and necessary attorneys' fees in Texas, he gave his opinion that the hourly rates charges by Durst's attorneys in this case were reasonable, necessary, and consistent with rates charged by comparable attorneys.[1] In his affidavit, Doyle explained in detail the basis for his opinions, including his experience in similar cases, his own research, and a salary and billing survey. Doyle also stated

---

[1] The hours and fees requested by Durst's attorneys were the following:

Michael P. Doyle – 92.50 hours at $395/hr
Jeffrey Raizner – 1.50 hours at $385/hr
Henry Drewinko – 185.75 hours at $295/hr
David Q. Haag II – 74 hours at $235/hr
Dax F. Garza – 203.45 hours at $295/hr

that his opinions were based on the above-enumerated factors for evaluating the reasonableness of attorneys' fees set forth in Section 408.221(d) of the Texas Labor Code. And, Doyle affirmed that he took into account the contingent nature of Durst's representation.

In its response to Durst's motion for approval of statutory attorneys' fees, Texas Mutual contended Durst should not recover fees for time spent on motions for which he did not prevail, time spent trying to build Durst's bad faith case against Texas Mutual, duplication of attorney time, "learning curve" time, and time spent on irrelevant issues. Texas Mutual also objected to the hourly rates as neither reasonable nor customary. Texas Mutual's attorney, R. Scott Placek, filed an affidavit setting forth his knowledge concerning these objections and further suggested what, in his opinion, reasonable attorney hourly rates for Durst's attorneys should be.[2] Durst, however, filed a response supported by an affidavit that included detailed descriptions of motions he filed, but on which he did not prevail, and explanations of his reasons for filing them. He further explained that all depositions, with the exception of one, led to the admission of trial testimony. And, Durst stated that some duplication of attorney time was necessary because of a dispute between the parties at depositions over who would be allowed to question witnesses. Durst also countered that any "learning curve" time Texas Mutual alleged was work that was reasonable and necessary to present a proper defense for Durst. Additionally, insofar as the failure to segregate time spent developing the worker's compensation case and the bad faith case, Durst argued to the trial court that many questions asked

---

[2] Texas Mutual's attorney opined that reasonable and necessary attorneys' fees for Durst's attorneys were the following:

Michael P. Doyle – 68.05 hours at $250/hr
Jeffrey Raizner – .25 hours at $250/hr
Henry Drewinko – 134.4 hours at $210/hr
David Q. Haag – 62.0 hours at $175/hr
Dax F. Garza – 146.35 hours at $195/hr

in depositions were appropriate to both cases. Thus, there was no need to segregate because a part of Durst's trial strategy in the worker's compensation case was to show the impact of Texas Mutual's refusal to pay.

After considering the evidence submitted by the parties and the parties' arguments, the trial judge ordered that Durst's attorneys be awarded the following:

Michael P. Doyle – 83.50 hours at $395/hr

Jeffrey Raizner – 1.50 hours at $385/hr

Henry Drewinko – 180.75 hours at $295/hr

David Q. Haag – 74 hours at $235/hr

Dax F. Garza - 190.45 hours at $295/hr

TOTAL: $160,454.00

Thus, the trial judge reduced the amount of hours Durst requested by 27 hours.

We cannot say the trial judge acted in an arbitrary or unreasonable manner in awarding Durst attorneys' fees. The trial judge was presented with conflicting evidence and, as the fact-finder, was within his discretion in awarding the attorneys' fees in the manner and amount in which he did. *See Dean Foods*, 178 S.W.3d at 455. Thus, we overrule Texas Mutual's third and fourth issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.

Karen Angelini, Justice